## No. 10,179.

### GUSTAVE SCHULHOEFER vs. CITY OF NEW ORLEANS.

A judgment is a *fiat* of a court settling the rights of the parties, and however unjust, erroneous or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards.

Hence, the holder of a judgment against the city of New Orleans, which allows him interest from April 27, 1887, and who seeks to have his judgment funded into bonds under Act 67 of 1884, cannot claim or be allowed bonds bearing interest from June 1, 1884. No more interest can be allowed than fixed by the judgment.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

*White & Saunders* for Plaintiff and Appellee.

*W. H. Rogers, B. K. Miller* and *H. C. Miller* for Defendant and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. As the holder of certificates of indebtedness of the city of New Orleans for the current expenses of the city in the years 1874 to 1878, aggregating in amount $3005, plaintiff brought suit thereon, and obtained judgment against the city for the full amount, with interest of 5 per cent per annum, from judicial demand, the 27th of April, 1887. That judgment became final on January 24, 1888. In March, 1888, he instituted proceedings to compel the board of liquidation of the city debt of New Orleans to fund his judgment into bonds in accordance with the provisions of Act No. 67 of the Legislature of 1884, said bonds to be equal in amount to the principal of his judgment, and to bear interest of 5 per cent per annum from June the 1st, 1884, as contemplated by that statute.

From a judgment in favor of plaintiff and in accordance with that prayer the city appeals, and her contention is that interest should have been made to run only from April 27, 1887, according to the very terms of the judgment sought to be funded.

The point is well taken and it must prevail.

Conceding, for the sake of the argument, that there was error in the judgment of January 24, 1888, in determining the date at which interest should begin to run, and that to comply with the provisions of Act No. 67 of 1884, the judgment should have allowed interest, as claimed by plaintiff in his first petition, to begin to run from the 1st of June, 1884, the record shows that the judgment became final on January 24, 1888, and in proceedings looking to its execution the court was powerless to enlarge its scope, or to otherwise amend or alter its effect, which is irrevocably fixed by its own terms. That proposition is self-evident under our laws, flowing from the very essence of all final judgments. A motion for a new trial or an appeal was the only remedy which the law tendered to plaintiff for the correction of the alleged error in the original judgment, and it is too late to attempt such a remedy on execution.

The question is not new in our jurisprudence, and the rule, already sanctioned by law and reason, finds additional support in authority.

33

In the matter of the succession of Anderson, 33 Ann. 581, this court refused to allow interests to a creditor whose judgment was silent on the subject, even though the nature of his claim might have entitled him to interests.

The Court said: "A judgment has been defined to be the decision or sentence of the law, pronounced by a court of competent jurisdiction upon the matter contained in the record.       *      *      *      *
"It is a *fiat* of a court settling the rights of the parties, and however unjust, erroneous or illegal the settlement may be, the parties can only claim under it that which, by the terms, the judgment awards."      *      *
"If the plaintiff in rule is holder of a judgment which unjustly denies to, and withholds from him, his legal right, it is a misfortune which might have been repaired before that judgment became final, but which is now past remedy."

The conclusions of the Court rested on and were completely justified by several previous adjudications enforcing similar views.    Saul vs, His Creditors, 7 N. S. 437; Cochran vs. Murphy, 4 Ann. 6; Succession of Regan, 12 Ann. 116; see also Villars vs. Faivre, 36 Ann. 398.

In the instant case the special and sole relief sought by plaintiff is the funding of his judgment of January 24, 1888; by that judgment it was settled that his interest should run only from April 27, 1887, and he cannot now be heard, in his present proceedings, to claim more.

It is therefore ordered that the judgment appealed from be amended so as to fix the 27th of April, 1887, as the date from which interest is to run on the bonds to be issued to plaintiff, and that as thus amended said judgment be affirmed, costs of appeal to be taxed against plaintiff and appellee.