(91 South. 511)

No. 24306.

## SWEENEY v. BLACK RIVER LUMBER CO.

(Feb. 27, 1922. Rehearing Denied May 1, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ⟨⇒⟩385(11)—**Loss of earning capacity from compensable injury not determined by loss of physical powers.**

The difference between the wages at the time of an injury and the wages which an injured employé is able to earn thereafter constituting the measure of compensation for partial disability, under Act No. 20 of 1914, § 8, subsection 1 (b) should not be determined upon the opinions of physicians or surgeons as to the extent by which plaintiff's physical powers or functions have been reduced.

2. **Master and servant** ⟨⇒⟩385(11)—**Compensation claimant held entitled to maximum allowance.**

Where an injured employé earning $60 a week at the time of the accident producing permanent total disability had not earned anything since the accident, and the evidence did not warrant the inference that he would be able during the maximum period of compensation to earn as much as $30.90 a week so as 'to reduce 55 per cent. of the difference in wages below the maximum rate, he was entitled to the maximum rate of $16 a week during the period of disability, not exceeding 300 weeks.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Suit under the Employer's Liability Act by Harrison A. Sweeney against the Black River Lumber Company. From a judgment awarding compensation, defendant appeals. Judgment annulled, and judgment rendered for plaintiff in accordance with the opinion.

Edw. Rightor, of New Orleans, and Dale, Young & Dale, of Vidalia, for appellant.

J. M. Reeves and G. P. Bullis, both of Vidalia, for appellee.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

O'NIELL, J. This is an action for compensation under the Employers' Liability Act, being Act No. 20 of 1914, as amended and re-enacted by Act No. 243 of 1916 and by Act No. 38 of 1918. In the alternative—that is, in the event that it should be held that plaintiff is not entitled to compensation under the Employers' Liability Act, he claims damages for the personal injuries that he suffered, as in an action for tort, under article 2315 of the Civil Code.

As it is conceded that the case is governed by the Employers' Liability Act, and, as section 34 of the statute declares that the rights and remedies therein granted to an injured employee shall be exclusive of all other rights and remedies, plaintiff's alternative demand for damages may be disregarded.

He claims that his injuries produced permanent total disability to do work of any reasonable character, and that he is therefore entitled to 55 per centum of his wages for 400 weeks, according to subsection 1 (b) of section 8 of the statute. The district judge, concluding that the disability was only partial, gave judgment for 55 per centum of the difference between the wages which plaintiff was earning before and the wages which he was able to earn after the accident, according to subsection 1 (c) of section 8 of the statute. The judge found that plaintiff's loss of wage-earning capacity was $20 a week; hence he allowed $11 a week for the period of disability, not exceeding 300 weeks. He concluded that the disability had been total during the first 36 weeks after the accident, and for that period he gave judgment for $1,188; that is, for 55 per centum of wages at $60 per week. The court also allowed $150 for medical service; which allowance is not now contested.

The defendant has appealed, and complains only of the court's having failed to observe the proviso in subsection 3 of section 8 of the statute, that the compensation allowed for any injury shall not exceed $16 per week.

Plaintiff, in answer to the appeal, insists that the disability is total, though perhaps

not permanent. He concedes that the allowance of $33 a week, that is, 55 per centum of $60 per week, for the first 36 weeks after the accident, is excessive, and should be reduced to the maximum allowance of $16 per week.

[1, 2] Plaintiff's occupation was that of superintendent of logging operations for a large sawmill. Defendant concedes that plaintiff's wages amounted to $60 per week previous to the accident; and the proof is that his wages were usually larger. The reason why the district judge estimated the loss of wage-earning capacity at $20 per week was that two of the physicians or surgeons who testified in the case expressed the opinion that plaintiff's injuries had reduced his physical powers or functions one-third. That does not, impress us as being the proper method of calculating the "difference between the wages at the time of the injury and the wages which the injured employee is able to earn thereafter," quoting the statute. The evidence shows that plaintiff has not been physically able to pursue his occupation since the accident, and it leaves a grave doubt that he will ever be able to resume that work. The maximum allowance of $16 per week is 55 per centum of $29.10. Therefore plaintiff's wage-earning capacity since the accident would have to amount to $30.90 per week, approximately $130 per month, in order to reduce the compensation due him below the maximum allowance of $16 per week. At the time of the trial of this case, he had not earned any wages after the accident, and the evidence does not warrant the inference that he will ever be able to earn as much as $30.90 per week during the maximum period of 300 weeks, for which the statute allows him compensation. Our conclusion, therefore, is that he is entitled to compensation at the rate of $16 per week during the period of his disability, not, however, to exceed 300 weeks.

This conclusion dispenses with the necessity of our deciding an interesting question presented by plaintiff; that is, whether he was entitled to a judgment on the face of his pleadings, because of defendant's failure to answer the suit on the date specified in the judge's order to answer.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the defendant, Black River Lumber Company, pay to the plaintiff, Harrison A. Sweeney, compensation at the rate of $16 per week during the period of his disability, not, however, beyond 300 weeks, commencing on the 24th day of March, 1919, together with interest at 5 per cent. per annum on each installment of $16, from the date when it became due; the first installment of $16 having become due on the 31st of March, 1919, and the subsequent installments becoming due at intervals of one week from that date. All past-due installments, and the interest thereon, shall be payable and collectible as soon as this decree shall have become final and exigible. It is further ordered, adjudged, and decreed that plaintiff recover of and from the defendant $150 for medical services, and interest thereon at 5 per cent. per annum from judicial demand, that is, from the 16th day of March, 1920. The defendant is to pay all costs of this suit.

Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.