No. 2585

Second Circuit

SWEENEY v. BLACK RIVER LUMBER COMPANY

(May 7, 1926. Opinion and Decree.)
(June 2, 1926. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 160 (e), 160 (i).**

Although Section 20 of Act No. 20 of 1914, as amended by Act 38 of 1918, allows a judgment to be modified after a year, it does not allow a modification after the judgment has been fully paid.

2. **Louisiana Digest—Judgment—Par. 296, 304.**

Article 2130 of the Civil Code provides that obligations are extinguished by payment and a judgment is one of the obligations contemplated.

3. **Louisiana Digest—Master and Servant —Par. 154.**

Section 18 of the Workmen's Compensation Act No. 20 of 1914 makes judgments under the Act have the same force and effect as other judgments. Therefore, a judgment already paid is extinguished and cannot be modified.

Appeal from the Seventh Judicial District Court of Louisiana, Parish of Concordia. Hon. R. M. Taliaferro, Judge.

Action by Harrison A. Sweeney against Black River Lumber Company.

There was judgment for plaintiff and plaintiff asked to have judgment increased after the judgment had been satisfied.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

G. P. Bullis and J. M. Reeves, of Vidalia, attorneys for plaintiff, appellant.

Dale, Young & Dale, of Vidalia, attorneys for defendant, appellee.

ODOM, J. The plaintiff, as an employee of the defendant, received an injury to his back during the course of his employment on July 31, 1920. Failing to reach an agreement of settlement with his employer for compensation, he brought suit under the Workmen's Compensation Act and under a final judgment by the Supreme Court was awarded $16.00 a week for a period of 300 weeks for temporary total disability. (See Sweeney vs. Black River Lumber Co., 150 La. 1061, 91 South. 511.)

Under this judgment compensation was paid him for the full period of 300 weeks, the last payment being made in December, 1924.

Four months later, on April 27, 1925, he brought the present suit, reciting the above facts and alleging that whereas the court had found that he was only temporarily totally disabled, as a matter of fact his injuries had proved to be permanent instead of temporary, and he prayed that:

"The court review said judgment of said Tenth District Court, as revised and ren-dered by the said Supreme Court of the State of Louisiana, and that the amount of said judgment be increased by awarding to petitioner compensation at the rate of $20.00 per week for one hundred weeks, in addition to the compensation awarded in said judgment."

Defendant plead the former judgment as res adjudicata and tendered an exception of no cause of action, which was sustained by the court below, and plaintiff appealed.

OPINION

In plaintiff's petition in the present suit, paragraph "4", he alleged that:

"Said Black River Lumber Co. has paid sum of $16.00 per week to petitioner according to said judgment for said period of three hundred weeks, the last payment being made in the month of December, 1924, and refuses to pay any further sum, although petitioner has made amicable demand upon them for further sums."

Section 20 of Act 20 of 1914, as amended by Act 38 of 1918, reads as follows:

"That a judgment of compensation may be modified at any time by subsequent agreement between employer and employee or his dependent, with the approval of the judge of the court that rendered the judgment sought to be modified, or any time after one year after said judgment of compensation shall have become operative, it may be reviewed by the judge of the court that rendered the judgment sought to be modified upon the application of either employer or employee, on the ground that the incapacity of the injured employee has subsequently diminished or increased, such increase growing directly out of the injury for which compensation has been allowed. In such case the provision of paragraphs 1 and 3 of Section 9 with reference to medical examination shall apply."

Counsel for plaintiff contend that the clause of the statute reading:

"Or any time after one year after said judgment of compensation shall have become operative, it may be reviewed by the judgment of the court that rendered the judgment sought to be modified,"

should be interpreted to mean that the judgment may be reviewed and modified by the court at any time, even though it has been fully complied with by the employee, on the one hand, receiving, and the employer, on the other hand, paying, all the compensation therein provided for. In other words, that either party may have the judgment reviewed and modified after it has been fully paid and satisfied.

Counsel stressed in oral argument before the court and in brief the fact that the act provides that the judgment may be reviewed at any time after one year and argue that the language of the statute is clear and unambiguous and that the court must construe it literally.

The patent and fatal error into which counsel have fallen is that they have overlooked the fact that once a judgment has been paid and fully satisfied according to its terms it becomes extinguished, a dead thing, and is no longer a judgment in the sense that a judgment fixes and finally establishes the rights and obligations of the parties thereto.

Counsel argue that a judgment once rendered always exists. That is true, of course, with reference to the sheet of paper on which it is written; but the rights and obligations of the parties, as fixed and established by the court, may and do, under certain conditions, cease to exist.

A judgment, in law, is not the scrap of paper on which the decree is written. It means, according to Lord Coke, "the very voice of the law and right"; it is a "settled adjudication of an existing debt", the "action of the court ascertaining some act to be done or forborne by a party"; and, as said by a New York court:

"Is an adjudication of the rights of the parties in respect of the claim involved."

In the case of Schulhoefer vs. City of New Orleans, 40 La. Ann. 512, 4 South. 494, the court quoted from the case of Succession of Anderson, 33 La. Ann. 581, as follows:

"A judgment has been defined to be the decision or sentence of the law, pronounced by a court of competent jurisdiction upon the matter contained in the record * * *. It is a fiat of a court settling the rights of the parties, * * *."

The written instrument, therefore, usually referred to as a "judgment" is nothing more than a statement or the evidence of the court's fiat or decree fixing the rights of one of the parties and the obligations of the other.

Therefore, when the rights and benefits, as fixed by the court, of one of the parties have been accepted, and the obligations of the other have been discharged, the judgment of the court ceases to exist.

In the case at bar, the court found that plaintiff was entitled to receive from defendant compensation at $16.00 per week over a period of 300 weeks and it fixed and established defendant's obligation to pay the same. Defendant did pay and plaintiff did receive and accept, without further protest, those payments through the entire period as fixed by the court.

When defendant made the last payment, its obligation to plaintiff, as fixed by the court, was fully satisfied, and at that moment the judgment ceased to exist and became a dead thing.

Article 2130 of the Civil Code provides that: •

"Obligations are extinguished:

"By payment.

"When the law speaks of a right or obligation as 'extinguished' it means that it is put out, taken away, destroyed."

Words and Phrases, Vol. III, page 2621.

Webster's International Dictionary defines the word "extinguished" in law to mean:

"To render legally non-existent, to destroy or render void; to nullify, to avoid, as by payment, set off, termination of action, merger of an interest in a greater one."

Payment of judgments extinguishes them and there is no resurrection for extinguished obligations.

Johnson vs. Boice & Frellsen, 40 La. Ann. 273, 4 South. 163.

Bank vs. Cage, 40 La. Ann. 138, 3 South. 721.

"The payment and satisfaction of a judgment operates to extinguish it and to put an end to its vitality for all purposes whatsoever and also to extinguish the original debt or claim, except where the satisfaction was obtained wrongfully or fraudulently."

23 Cyc. 1495.

When the plaintiff went into court on April 27, 1925, and sought to have the old judgment reviewed, that judgment had been dead four months. There was, therefore, nothing for the court to review.

It is clear to us that the provision in the Workmen's Compensation Law to the effect that the judgment may be reviewed at any time after one year means that it may be reviewed during the life of the judgment and not after it has been extinguished by payment.

According to the language of the Act, Section 18:

"The judgment rendered by the court shall have the same force and effect and may be satisfied as other judgments of the same • court."

In a Minnesota case, Integrity Mutual Casualty Co. vs. Nelson, reported in 183 Northwestern 837, it was held that a lump sum settlement under the Minnesota Workmen's Compensation Act, entered into by the parties and approved by the court, and paid by the employer, in the absence of fraud or deception is final and not open to readjustment.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.