This is a suit for compensation based on an alleged permanent total disability.
Plaintiff was employed as an ordinary laborer by Mills Engineering Construction Company which was engaged in road construction work in the Parish of East Feliciana. He alleges in his petition that on June 1, 1940, while in the actual performance of his duties and in carrying out the instructions of his employer to get down into a hole some four or five feet deep to cut a root which was impeding the progress of the work, while holding himself with one hand on the side of the hole and holding an axe with another hand, he slipped and fell to the bottom of the hole with his left leg crumpled under his body. He avers that he suffered severe pain in his left knee joint and that there developed in the rear of the joint a knot about the size of a man's fist. The pain became so intense that he was unable to finish the day's work and he was sent to see a doctor who immediately put him to bed and applied hot applications to his knee. Apparently he was put on compensation for he avers that he was treated for several months and finally discharged on September 3, 1940, since which date he has not been paid anything further.
Plaintiff next alleges that he was then and is now unable to return to work and that his condition has been diagnosed as "traumatic-haematoma of left (popiteal) *West Page 561 
space with subsequent infection; varicose veins of left leg with inefficient valves, and residual matter in popliteal space with impaired function thereof." He alleges further that because of his said injury he is unable to do work of any reasonable character or of the kind for which he is equipped by education or training and which he was accustomed to perform. He therefore claims that he is entitled to be paid compensation at the rate of 65% of his weekly wages stated to have been $14.40 as for total permanent disability, and also for medical expenses, less whatever amounts may have been heretofore paid him, and he prays for judgment accordingly against the defendant, Travelers Insurance Company, his employer's compensation insurance carrier.
In a supplemental petition plaintiff sets out that in addition to the pains which he had alleged he suffered that he also has severe pains in the knee joint and swelling of the foot, cyanosis of the lower extremities when standing or walking, and likewise suffers headaches, nausea and sleeplessness.
For answer the defendant admits that it had been notified by plaintiff of the injury complained of by him; that he was referred to Dr. Clovis L. Toler of Clinton, Louisiana, who treated him and discharged him as cured on September 3, 1940, and that without conceding liability on its part it paid him compensation to that date, or for the period of fifteen weeks, at the rate of $9.36 per week and incurred medical expenses in his behalf to the extent of $231.50. It avers that if plaintiff ever sustained an accident and resulting injury as alleged by him while working for its assured, he had fully recovered from the same on September 3, 1940, and that he is presently suffering no ill effects therefrom.
On the issues as thus presented to him the district judge heard the case and after trial rendered judgment in favor of the plaintiff awarding him compensation on the basis of impairment of the use of the left leg under authority of Subdivisions 8 and 15 of subsection 1 (d), Section 8 of the Workmen's Compensation Law, Act No. 20 of 1914, as Amended Act No. 242 of 1928, pp. 357, 358. Subdivision 15 provides that in all cases involving a permanent partial loss of the use or function of the member mentioned therein (the member in this case being a leg which is dealt with in subdivision 8) compensation shall bear such proportion to the amount named for the loss of such leg as the disability found bears to its total loss. He found the proportion of disability to be 50% and accordingly allowed compensation at the rate of 50% of the weekly wage for the period of 175 weeks, that being the number of weeks allowed for the total loss of a leg. From the judgment rendered defendant took an appeal and whilst plaintiff has not formally answered the same, in brief submitted by his counsel, he prays that the judgment be amended by awarding him compensation as originally demanded by him.
As shown in the written opinion submitted by him, the district judge made the following findings of fact: (1) That plaintiff did suffer an accidental injury while in the course of his employment, (2) that at the time of the trial of the case, more than eleven months after the accident, he was still suffering an impairment of the function of his left knee, (3) that by education and training he is not fitted for other than manual labor, (4) that there is no causal connection between the headaches and nausea he complains of, and the accident, (5) that the varicose veins on his left leg are not attributable to his knee injury, and (6) that his injury did not result in haematoma of the left popliteal space but that he has chronic synovitis of the posterior cul de sac of the knee. This we understand is a condition that comes about from an irregular or unnatural flow of the fluid in the knee joint to the back of the joint forming a sack or "wind", as it is sometimes called, at that part of the knee joint. The irregular flow of the fluid was caused by a laceration or tearing of the capsule of the knee which contains the fluid. The medical testimony indicates that the knot or wind at the back of plaintiff's knee joint is about the size of a marble.
We do not find much difficulty in agreeing with the trial judge in the main on his findings as just enumerated. Indeed defendant does not longer seriously dispute that plaintiff has shown that he suffered an injury as a result of the accident alleged by him and it apparently concedes that he has been left with the condition just described, which, however, it contends, does not produce disability from doing the kind of work for which he is fitted and has been accustomed to perform, but, at most, causes a slight impairment of the function of the knee resulting in a partial disability of not more than from ten to fifteen per cent. On *West Page 562 
the plaintiff's side, the serious contention urged is that the trial judge was in error in holding in the first place that the injury was compensable on the basis of impairment in the function of a member and secondly in holding that disability was partial instead of total. It would seem therefore that the vital question in the case relates to the extent of the injury and its resulting disability. The case is not unlike all of those of that class where the evidence on which to determine the degree of disability is principally that of medical experts whose differences in opinion are such that they cannot possibly be harmonized. Some of them in this case are rather positive in their views that in his present condition plaintiff cannot perform the kind of work he was doing at the time of his accident, nor for that matter, any other hard manual labor which would require lots of walking or standing for a long time. All kinds of hard manual labor of course exact either or both of these activities. Others of the medical experts are equally as positive that plaintiff can satisfactorily do ordinary farm work such as he was accustomed to do before he was engaged for a short period of time in construction work, and certainly, in our opinion, ordinary farm work is as laborious as any other kind of hard manual labor. These doctors are also of the opinion that he can perform any kind of hard labor with only a slight impairment, estimating his disability at from 10 to 15%.
Plaintiff himself testified that he had worked principally as a farm laborer all of his life; that he also had worked for the W.P.A. and in a Civilian Conservation Camp, before he obtained employment with Mills Construction Engineering Company doing construction work. He claims to have always been able-bodied and never had experienced any accident before. He states that since his injury, when walking, he suffers from headaches and stomach aches most of the time, that his leg hurts him and that he has never been able to do the kind of work he did before. To the extent that from their observation of him and the complaints he makes, two lay witnesses may be said to corroborate his testimony that he is not the same working man that he was before. On the other hand we find that the trial judge must also have carefully observed him as he was led to state in his written reasons for judgment that, "aside from the medical evidence plaintiff did not present the aspect of a totally disabled man. To the lay eye his left leg appeared much as his right and there was nothing in his carriage to suggest total disability to do work of a reasonable character."
It is plain from the respective contentions made in their brief that both the plaintiff and defendant do not agree with the judgment of the lower court which based compensation on those provisions of the Statute covering the loss or the loss of use of a specific member of the body. In the light of all later jurisprudence on the subject we believe also that plaintiff is entitled to have his compensation fixed on the basis of his disability as it affects his capacity to work. Under the medical proof found in the record we are convinced that it is permanent and the serious question is whether it is partial or total.
In determining the extent of his disability all the suffering plaintiff complains of regarding headaches and stomach aches can be discarded, for his own medical experts could find no causal connection between those ailments and his injury, and, restricting it therefore to the injury itself, we find the stronger part of the proof to disclose that it is partial and is no more than 15%. In all the cases relied on by his counsel in which compensation was allowed as for total permanent disability it was shown that the claimant's capacity to follow the work he was fitted by education or training to do was more seriously affected by the injury to the particular member involved than is the plaintiff's. There is but little doubt that from the proof submitted, the work which he was by training, the better equipped to perform, was that of an ordinary farm laborer, which as we have already indicated is as hard as any other form of manual labor, and the preponderance of the medical testimony is clearly to the effect that he can do such work with only the slight impairment mentioned. In the recent case of Washington v. Holmes Barnes, Ltd., et al., La.App., 4 So.2d 51, we held that where the proof disclosed that that was the condition existing with respect to the claimant's disability, compensation had to be fixed under the provisions of Subdivision (c), Subsection 1 of Section 8 of the Workmen's Compensation Statute, Act No. 20 of 1914, which allows him 65% of the difference between the wages at the time of the injury and wages *West Page 563 
which he is able to carn thereafter during the disability not exceeding 300 weeks. (Italics ours.)
Plaintiff's weekly wage at the time of injury was $14.40. As his disability is fixed at 15%, under the provisions of the Statute on which his compensation will be based, the rate would be 65% of 15% of $14.40 for a period not exceeding three hundred weeks. The result of that calculation, however, would only be $1.40 per week for the period, which is less than the minimum of $3 per week as fixed by Subsection 3 of Section 8 of the Act, Act No. 242 of 1928, p. 361. Plaintiff is therefore entitled to recover at the rate of $3 per week for a period not exceeding three hundred weeks less the fifteen weeks for which he was paid during the period of his total disability.
For the reasons stated it is ordered that the judgment appealed from be and the same is hereby annulled, avoided and reversed and it is further ordered that plaintiff recover compensation from the defendant, Travelers Insurance Company, at the rate of $3 per week for a period not exceeding two hundred and eighty five weeks beginning with the first payment due as of Sept. 3rd, 1940, with legal interest on each payment from its due date until paid.
It is further ordered that the defendant pay all costs.