McCALEB, Justice
(concurring).
I am in accord with the conclusion that plaintiff- has suffered a permanent partial disability and that, therefore, compensation was payable under paragraph (c), subsection 1, section 8 of Act 20 of 1914, as amended, Act No. 242 of 1928, p. 357, since plaintiff was earning a lesser wage than that received previous to the accident. However, I do not coincide in the suggestion that, if the cleaning and pressing business (in which plaintiff is engaged) is not *983 manual labor, compensation payments should have been computed at 20% of 65% of his average weekly earnings, as held in Washington v. Holmes & Barnes, La.App., 4 So.2d 51,[1] affirmed on other grounds in 200 La. 787, 9 So.2d 35.
It is my view that paragraph (c) of subsection 1, Section 8 of the Employer’s Liability Act is not appropriate in cases where the injured employee is not either earning smaller wages as a result of his disability or where there is no- showing as to the amount he is able to earn. The paragraph provides that, for partial disability to do work of any reasonable character, compensation will be paid for a period not exceeding 300 weeks at the rate of “sixty-five percentum of the difference between wages at the time of injury and zmges which the injured employee is able to earn thereafter * * * (Italics mine).
In Washington v. Holmes & Barnes, supra, the plaintiff suffered a 20% loss of the use of his arm and the Court of Appeal awarded him compensation under the above quoted partial disability provision on the theory that he was able to earn 20% less than he was earning before the accident. Accordingly, the compensation was computed by taking 20% of 65% of the wages-earned at the time of the injury.
Aside from the fact that the Washington decision contravenes the prior holding of this court in Sweeney v. Black River Lumber Co., 150 La. 1061, 91 So. 511, the error of the ruling is quite apparent. The paragraph does not provide that compensation is to be based on a percentage of disability. On the contrary, payments are gauged upon the difference in wages earned before and those which the employee is able to earn after the accident. The Court of Appeal in the Washington Case, and the majority in this case, seem to attach much importance to the fact that the applied provision does not specifically refer to the wages the injured employee is earning but to those which he “is able to earn”. But this simply means wages which the injured employee could earn if he could get, or would accept, employment or the wages he is actually earning in his disabled condition. The language of the provision cannot be transposed to cover disability percentages in lieu of wages — for an employee may suffer a 20% disability which has the effect of reducing his earning power 75%, or vice versa.
I respectfully concur in the decree.

. To the same effect is Jarrell v. Cumberland Tel. & Tel. Co., 7 La.App. 496; Morgan v. Travelers Ins. Co., La.App., 4 So.2d 560; Vilce v. Travelers Ins. Co., 24 So.2d 485 and other cases of the Court of Appeal, First Circuit, which are in direct conflict with the decision of this court in Sweeney v. Black River Lumber Co., 150 La. 1061, 91 So. 511.