FRUGÉ, Judge.
This is a suit for workmen’s compensation benefits brought by David Scott against his former employer’s insurance carrier, Great American Insurance Company. The trial judge awarded plaintiff compensation under R.S. 23:1221 Sec. (3), at a rate of $10.00 per week during plaintiff’s period of disability, not to exceed 300 weeks, with a credit for the 41 weeks of compensation already paid. Both plaintiff and defendant have taken this appeal.
Plaintiff contends that the lower court erred in the following respects:
1. That the trial court overlooked the lay testimony in making its award;
2. The trial court failed to consider the medical and lay evidence of the substantial pain that plaintiff was experiencing in his thumb at the time of the trial, and accorded too much weight to two treating physicians’ testimony which was opinionated.
3. That the trial court erred in not awarding plaintiff compensational benefits for total and permanent disability.
Defendant contends that the lower court erred in the following respects:
1. In holding that plaintiff was permanently and partially disabled from doing work of a reasonable character;
2. In not giving greater weight to the testimony of the treating physicians;
3. In holding that the employer was not entitled to a dollar for dollar credit for past compensational benefits paid.
Plaintiff, a common laborer, on September 27, 1962, while in the course and scope of his employment, accidentally struck his left thumb with a hammer, causing injury to it. Plaintiff is right handed. He was taken that day to Dr. Bruce Wallace, Jr., who, after examining the injured thumb, wrapped the thumb and two weeks later removed the damaged nail. Dr. Wallace saw and treated plaintiff practically every other day from the date of injury until December 8, 1962, at which time he discharged the plaintiff to return to work. Dr. Wallace stated that after the examination on September 20, 1963, he saw no reason why plaintiff could not return to full heavy employment. He testified that even if Scott did have a slight limitation of motion, he could do heavy manual labor without any difficulty.
Subsequent to being discharged by Dr. Wallace, plaintiff consulted Dr. Kingsley on December 18, 1962. Dr. Kingsley is an orthopedic surgeon specializing in treating injuries of this type. Plaintiff was examined and treated by Dr. Kingsley on fifteen separate occasions.
Dr. Kingsley testified that on the first examination he found limitation of motion in the thumb. However, he found no atrophying of the left arm, which may have been caused by disuse, and no disability of the other four fingers of the left hand. Three weeks after the initial examination Dr. Kingsley recommended that the plaintiff return to work.
Plaintiff continued to complain of pain and tenderness in his thumb and did not return to work and remained under the care and treatment of Dr. Kingsley. Dr. Kingsley’s testimony was quite a lengthy one, but it can be summarized that Dr. Kingsley feels that Scott could perform the duties that he was performing before the accident and that he did exaggerate his pain. However, he did admit that plaintiff had a residual disability rating of 10% of his thumb.
The plaintiff was seen by several other doctors whose reports were filed in evidence by stipulation and made a part of the record. Dr. Faludi found plaintiff had lost partial use of his thumb, which would be permanent. He estimated the partial disability at 10% of the left hand but felt plaintiff could return to work with a protective covering over his thumb.
*795 Dr. Norton, in his statement, found plaintiff was suffering from sufficient pain to impair his ability to do manual labor.
The report of Dr. T. M. Oxford of Shreveport, Louisiana, stated that he ex.amined the plaintiff on August 2, 1963, and found plaintiff had reached his maximum improvement. It was his opinion that the plaintiff was able to return to work at that time with a disability of the left thumb of .approximately ten to fifteen percent.
Another report is that of Dr. C. W. Lowery, an orthopedic surgeon of Alexandria, Louisiana, who saw the plaintiff on August 27, 1963. It was Dr. Lowery’s opinion that the plaintiff had functional impairment of the left thumb of 50%. He found hypersensitivity of the thumb area and believed that the plaintiff would not have a functional pinch. While he called this residue of the accident functional impairment, it is apparent from his report as a whole that this residue is a disability rather than a functional impairment.
Mx-. Albert Dorsey, who is a neighbor of the plaintiff and who has known plaintiff five or six years and at one time worked with the plaintiff (but not at the time of the accident), testified that plaintiff was not able to work with his left hand since the accident.
Mr. James Gaines, another neighbor of the plaintiff, testified that plaintiff had not been able to do any type of physical work -since the date of the accident.
■ Based on the entire record presented to this court on appeal, we find no manifest ■error in the ruling of the lower court.
This type of crushing injury to the distal portion of the thumb, plus having the digital ■cutaneous nerves crushed, is the reason for the unusual length of disability. The sensitivity and pain resulting from an injury of this type must be noted.
Taking all the evidence, we are of the opinion that plaintiff is suffering from partial permanent disability to do work of a reasonable character at the time of the trial due to the pain and tenderness of his left thumb.
Therefore, he is entitled to the sum of $10.00 per week for an indeterminate period not to exceed 300 weeks.
The last question for determination is, since some compensation has been paid to plaintiff, how should such payment be credited ?
The cases cited by defendant in which dollar for dollar credit was allowed, Rigsby v. John W. Clark Lumber Co., La.App., 28 So.2d 346, and Ball v. American Marine Corporation, La.App., 150 So.2d 685, are both cases where recovery was under R.S. 23:1221(4). Since recovery in this case is under R.S. 23:1221(3), the cases of Morgan v. Travelers Insurance Company, La.App., 4 So.2d 560, and Woodfin v. Paul, Rice & Levy, Inc., La.App., 52 So.2d 307, are in point, where the court allowed credit on a week basis and not on a dollar to dollar basis.
This method of credit was specifically pointed out in Holmes v. Armour & Company, La.App., 190 So. 865. There the court, allowing recovery under R.S. 23 :- 1221(3), stated:
“The disability plaintiff is suffering does not exceed thirty per cent and the lower court was correct in allowing him the minimum amount under the act of $3.00 per week, for a period not to exceed three hundred weeks, beginning July 31, 1937, less the number of weeks (not amount) he was paid compensation, and number of weeks he worked, for which he was paid, totaling twenty-five weeks * *
For the foregoing reasons the judgment of the lower court is affirmed, allowing plaintiff recovery for partial permanent disability at the rate of $10.00 per week for an indeterminate period not to exceed 300 weeks, allowing a credit of 41 weeks for compensation paid.
Affirmed.