(90 South. 760)

No. 22828.

**McCRADY et al. v. SEBASTIAN et al.**

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Limitation of actions** ⊚⟾70(1), 74(1)—**Prescription does not run against interdict or widow in community.**

Prescription does not run against an interdict, nor against a widow in community until the community is dissolved.

2. **Insane persons** ⊚⟾95—**Curator may accept service and waive citation in mortgage foreclosure.**

A curator of an interdict may accept the petition and waive citation in a mortgage foreclosure proceeding against lands of the interdict, under Civ. Code, arts. 405, 415, and Code Prac. arts. 115, 177, 194, 206.

3. **Insane persons** ⊚⟾96—**Filing of answer by curator cured lack of citation.**

Appearance by curator of an interdict in a mortgage foreclosure proceeding and the filing of an answer on behalf of the interdict cured any lack of citation, under Code Prac. arts. 115, 206.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by Mrs. A. G. McCrady and others against J. A. Sebastian and others, in which Ardis & Co., Limited, intervened. From an adverse judgment, plaintiffs appeal. Affirmed.

A. J. Murff, of Shreveport, for appellants.

Foster, Looney & Wilkinson, of Shreveport, for appellees.

DAWKINS, J. This is a petitory action by the widow and heirs of Edwin C. McCrady, deceased, to recover certain real property situated in the parish of Caddo.

Defendants first urged the exception of no cause of action, which was overruled, and then answered, denying that plaintiffs had any interest in the property, and claiming title in themselves. In the alternative, defendants pleaded the prescription of 10 years acquirendi causa. Further in the alternative they averred that, if plaintiffs were decreed the owners of the property, then they were entitled to recover judgment for the amount of certain mortgage notes for which the property was sold at sheriff's sale in 1892, for taxes paid since said date, and for improvements. The prayer was in accord with the averments of the answer.

Ardis & Co., Limited, intervened, claiming a mortgage upon the property by the present holders, joined defendants in resisting the demands of plaintiffs, and pleaded estoppel, based upon the contention that by allowing defendants to remain in possession and have the use of said property for about 25 years, on the faith of which intervener had advanced its money upon the mortgage, plain-

tiffs could not be heard at this late date to urge their claims to its prejudice.

Plaintiffs denied the allegations of the petition of intervention, and defendants admitted them all.

Plaintiffs also pleaded the prescription of five years to the alternative demands of defendant.

Defendants, in turn, pleaded the prescription of five years in bar of the attack upon the deed by which their ancestor is alleged to have acquired at sheriff's sale.

There was judgment for defendants rejecting plaintiff's demands and dismissing the intervention as in case of nonsuit, and plaintiffs have appealed.

### Opinion.

The lower court decided the case upon its merits, and did not pass upon the pleas of prescription and estoppel.

We think the ruling on the exception of no cause of action was correct for the reason that plaintiffs allege their ownership as widow in community and heirs of E. C. McCrady, under titles to which they refer, and charge that defendants are in possession without legal right.

[1] The pleas of prescription urged against plaintiffs were likewise without merit, for the reason that prescription did not run against the interdict, in whose rights his heirs sue; nor did it run against the widow in community until the community was dissolved; and the interdict had not been dead a sufficient length of time for the prescription to accrue under any of the pleas when this suit was filed.

It will, of course, only be necessary to pass upon plaintiffs' pleas of prescription to defendants' alternative demands in event the main issue of title is decided in plaintiffs' favor.

[2] Plaintiffs base their claim of ownership upon the alleged nullity of the judgment under which the property was sold to defendants' ancestor in 1892. The ground relied upon is that there was no citation.

Edwin C. McCrady was duly interdicted prior to 1892, and his wife, Mrs. A. G. McCrady, one of the plaintiffs here, was appointed and qualified as his curator. On June 14, 1892, W. W. Sebastian, defendants' ancestor, from whom they claim by inheritance, brought suit, via ordinaria, upon certain notes, secured by mortgage upon the property now in contest, against the interdict in whose name it stood, and the said curatrix signed an acceptance of service and waiver of citation at the foot of the petition, worded as follows:

"Service foregoing petition accepted and citation waived June, 1892.
                    "Mrs. A. G. McCrady,
                         "Curatrix E. C. McCrady."

On the same day (June 14, 1892) the curatrix filed an answer in the case reading:

"Now into court comes Mrs. Alice McCrady, and for answer to the demands of petitioner denies all and singular the allegations of his said petition, and prays to be hence dismissed with all costs and for general relief in the premises."

There was judgment in favor of Sebastian. The property was seized, sold, and bought in by him.

The court below held that the acceptance of service and waiver of citation was valid, and, in any event, that the answer filed by the curatrix put the case lawfully at issue, and the judgment was valid upon this ground, if not on the first.

The relation of the curator to the interdict is analogous to that of the tutor to his ward, as will be seen from the following articles of the Revised Civil Code, to wit:

"Art. 405. This appointment [of curator] is made according to the same forms as the appointment to the tutorship of minors. * * *

"Art. 415. The person interdicted is, in every respect, like the minor who is under a tutor, both as it respects his person and estate; and the rules respecting the tutorship of the minor, concerning the oath, the inventory and the se-

curity, the recording of the legal mortgage, the mode of administering, the sale of the estate, the commission on the revenues, the excuses, the exclusion or deprivation of the tutorship, the mode of rendering the accounts, and the other obligations, apply with respect to the curatorship of the person interdicted."

Other articles not necessary to quote disclose that the relation of the curator to the interdict with respect to his powers, duties, and obligations are the same as that of the tutor to his minor.

The Code further provides, with respect to tutors of minors, as follows:

"Art. 337. The tutor shall have the care of the person of the minor, and shall represent him in all civil acts.

"He shall administer his estate as a prudent administrator would do, and shall be responsible for all damages resulting from a bad administration.

"He cannot, either personally, or by means of a third person, purchase, lease or hire the property of the minor, or accept the assignment of any right or claim against his ward."

"Art. 351. The tutor administers by himself alone; all instruments are made by him and in his name, without the concurrence of the minor.

"He can, on his own responsibility, act by an attorney in fact, in places distant from his residence."

Articles of the Code of Practice pertinent to the present discussion are also as follows:

"Art. 115. Actions against interdicted persons or minors must be brought directly against the tutor of the minor or curator of the interdicted person."

"Art. 177. The defendant, or his attorney, may waive the service of plaintiffs' petition; provided the defendant, or his attorney, certify in writing, and under his signature, on the back of the original delivered to the clerk, that he acknowledges that the petition has been duly served on him. * * * "

"Art. 194. If the suit be brought against minors not emancipated, interdicted or absent persons, whose property is administered by a curator, then the petition and citation must be served either by delivery in person to the tutor or curator of such minors, interdicted or absent persons, or by leaving them at the usual place of domicile or residence of such tutor or curator."

"Art. 206. Citation being the essential ground of all civil actions in ordinary proceeding, the neglect of that formality annuls radically all proceedings had, unless the defendant have voluntarily appeared to the suit and answered the demand.

"But citation is not necessary in executory proceeding, nor when the proceedings are in rem against the things as hereafter provided."

Both Codes clearly indicate the similarity of powers and duties of tutors and curators, and that they represent and stand in the place of their wards, with certain well-defined limitations, such as the power to sell or mortgage their real property, and the compromising of their rights, which are required to be approved by a family meeting and the probate judge. But there is no provision of law which by reasonable implication denies to the tutor or curator the right to waive service and citation as is accorded to litigants generally by article 177 of the Code of Practice, above quoted. The other articles quoted show conclusively that the tutor or curator acts for his ward in his own name and without necessity for joining the ward. He is therefore the defendant in the sense of the article just mentioned.

In the case of Boudreaux v. Refining & Mfg. Co., 127 La. 112, 53 South. 461, we said:

"We can see no good reason why a tutor should not accept service of petition and waive citation, and thereby save unnecessary cost to his ward. Such matters form no part of the defense to the suit."

See, also, Byrnes v. Byrnes, 115 La. 275, 38 South. 991.

In Logan v. Herbert, 30 La. Ann. 727, it was held that an administrator of a succession whose powers are also derived from appointment of the court might accept service and waive citation.

It would seem that, if a tutor, whose powers and duties are so nearly identical with those of a curator, and an administrator, may make such acceptance and waiver, a permanent curator regularly appointed to an

interdicted person may do likewise. The relationship cannot be distinguished in so far as the issue here presented is concerned.

The case of Jacobs v. K. C. S. Ry. Co., 134 La. 389, 64 South. 150, has no application to the question here, for the reason that it dealt with a curator ad hoc, whose limited powers, and the special purpose, a particular suit, for which he is appointed, cannot place him in the position of a regularly appointed and qualified curator.

[3] In the present case the curatrix also appeared and filed an answer on behalf of the interdict, and this within itself cured any lack of citation there might have been. C. P. art. 206. The curatrix was the defendant in the foreclosure suit, made so by the provisions of article 115, C. P., and could therefore appear and defend the suit. See Vick v. Volz, 47 La. Ann. 43, 16 South. 568.

For the reasons assigned, the judgment appealed from is affirmed at the cost of appellants.