No. 2170.
Second Circuit Appeal.

---

JAMES A. KENNER v. STANDARD OIL COMPANY OF LOUISIANA.

---

(October 31, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant Par. 159.**

When under the Employers' Liability Act No. 20 of 1914, Section 8, Subsection 1 (a), the employee was strained or ruptured while lifting and carrying a sack of cement, was operated upon, and after the operation suffered pain which caused him to be unable to do work such as he was accustomed to do, of any reasonable character; held, defendant liable to pay compensation during the period of plaintiff's disability not exceeding 300 weeks, whether plaintiff's condition was superinduced by the injury or only accelerated by it.

(Act 20 of 1914, Section 8, Subsection 1 (a), was recently amended by Act 216 of 1924. Editor's note.)

Appeal from the First District Court, Parish of Caddo, Hon. J. H. Stephens, Judge.

This is a suit for compensation under Act 20 of 1914, the Employers' Liability Act.

Judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Huey P. Long, of Shreveport, attorney for plaintiff and appellee.

T. M. Milling, F. L. Hargrove and Albert Garland, all of Shreveport, attorneys for defendant and appellant.

CROW, J. This is an action for compensation under the Workmen's Compensation Act for injuries alleged to have been sustained by plaintiff in performing services arising out of and incidental to his employment and in the course of defendant's business, trade or occupation.

Plaintiff was employed by defendant to work on and about an oil well belonging to defendant, and situated in Claiborne Parish. On or about the 27th day of February, 1923, while performing services arising out of and in course of his employment, plaintiff was strained or ruptured while lifting and carrying a sack of cement. The result was a hernia in his right side. He was operated on by Dr. Hendricks, who said he operated on plaintiff for the defendant company. He said he found plaintiff suffering from "a relaxed inguinal ring with a bulging of one and a half inches, and the operation was low down in the abdomen and had a pathologic appendix, and it was removed through the hernia incision". He also testified as follows:

By Court:

Q. "Now when you operated on this man, did you find any evidence of the beginning of hernia?"

A. "Yes, sir."

Q. "In all probability, that was due to some violence?"

A. "Yes, trauma may cause hernia, when one is relaxed, for instance walking along and making a misstep might produce hernia, sudden lifting."

Q. "Sudden lifting, for instance, could produce it, if relaxed?"

A. "Yes, sir, anything that increases the abdominal pressure."

Q. "And a traumatic hernia may be caused from a blow or injury?"

A. "Yes, sir."

Q. "Violence from the outside?"

A. "Yes, sir."

On re-direct examination, he said:

Q. "Stooping over, and raising up, straining at the stool, may cause hernia, with a relaxed ring?"

A. "Yes, sir, with a relaxed ring any of those things might cause hernia."

Q. "Anything that increases the pressure?"

A. "Yes, sir, for instance coughing, twisting, straining at the stool, or anything that increases the pressure, has a tendency to produce it."

Later on, it was found that plaintiff was suffering considerable pain in his right side and in the right spermatic cord, which rendered him unable to do work, such as he was accustomed to do, of any reasonable character. He instituted this suit to recover compensation as for permanent partial disability to do any work of a reasonable character, and alleged that the difference between the weekly wages he was receiving at the time of the injury, and that which he is able to earn since the injury, is $24.02, and that, therefore, he is entitled to have judgment rendered in his favor for sixty per centum of that difference, or $14.41, for a period of 300 weeks.

Judgment was rendered in his favor by the District Court for $4,300.00, payable in 300 weekly payments at the rate of $14.40 per week, beginning the 6th day of March, 1923, and running thereafter until the expiration of the said period of 300 weeks, with interest on each weekly payment from date due until paid at the rate of five per cent. per annum, less the sum of $316.29 previously paid to plaintiff by defendant. Defendant has appealed to this court.

## OPINION.

From a patient and careful reading of the record, including the able briefs of counsel, we are of the opinion that the findings of fact of the trial judge are entirely correct, and in accord with the preponderance of the evidence. Several physicians and surgeons testified as to plaintiff's condition, and there is no reasonable doubt from their testimony, as a whole, but that plaintiff was injured by the strain incident to his lifting the sacks of cement and carrying it, and that plaintiff was still suffering therefrom at the time of the trial, and to the extent that he was disabled, partially, if not totally, from doing work of a reasonable character.

It appears from the testimony of the physicians that, following the operation on plaintiff by defendant's surgeon, Dr. Hendricks, there was a constriction of the ring encircling the right spermatic cord, and slightly above the scrotum. There was also, according to the testimony of Mr. Sanderson, who was appointed by the court to examine plaintiff and report on his condition to the court, some rigidity in the right inguinal region. His report to the court, made in writing, and found in the record, is as follows:

"In compliance with your request, I have this day examined Mr. James A. Kenner, and will say that I find no evidence of hernia except an old scar which would indicate that he has been operated on for hernia. The lower end of this scar is exceedingly tender, which tenderness goes on down into the scrotum. There is no doubt in my mind that the painfulness is there.

"I am still of the opinion, as before, that there was some injury of the cord or other structures in that region and that the cord having been misplaced in the operation, with subsequent constriction, has aggra-

vated · and perhaps made permanent his original injury. The objective signs are almost negative. Yours truly, E. L. Sanderson, M. D."

During the progress of the trial, the District Judge appointed Dr. A. P. Crain to examine plaintiff and submit his report on his findings. Dr. Crain made the examination in compliance with the order of the court, and reported as follows:

"Pursuant to your appointment, I have this day examined Mr. James A. Kenner. I find apparently a great deal of tenderness of the scar and the cord where it enters the scrotum. The ring through which the cord passes to the scrotum is a little tight, possibly constricting same. Very truly yours, A. P. Crain."

It is true, Dr. Hendricks said he found a pathologic condition of plaintiff's appendix when he operated on him for the hernia, but he said it was merely a case of chronic appendicitis, not acute. Appendicitis, it appears, often results from a trauma. It is possible that condition was due to plaintiff's injury. However, be that as it may, we are convinced from the whole evidence in the record, that plaintiff's condition was superinduced by the injury he received, or at least was accelerated by it. If only accelerated by the injury, defendant is, nevertheless, liable under the authority of Fox vs. United C. & O. Products Co., 147 La. 865, 86 South. 311; Johnson vs. Vernon Parish Lbr. Co., 151 La. 664, 92 South. 219; Hicks vs. Meridian Lbr. Co., 152 La. 975, 94 South. 903; Geo. Tullier vs. A. O. Phaneuf, No. 1971 Court of Appeals, Second Circuit of Louisiana, decided January, 1924, a case very similar to the one here.

The judge a quo, however, while properly appreciating the fact, made a slight error of law, and hence we will have to amend the judgment so as to allow plaintiff compensation for and during his disability, not to exceed 300 weeks. McCrady vs. Sebas-

tian, 150 La. 459, 90 South. 760; Sweeney vs. Black River Lumber Co., 150 La. 1061, 91 South. 511; Daniels vs. Shreveport Producing & Refining Corp., 151 La. 800, 92 South. 341.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be, and it is hereby amended so as to allow plaintiff judgment against defendant for $14.40 per week, beginning the 6th of March, 1923, and · continuing for and during the period of plaintiff's disability, not to exceed 300 weeks, with interest on each weekly payment from date of maturity thereof until paid, less the sum of $316.29, already paid, and that, as thus amended, said judgment be, and it is affirmed. The costs of the District Court are to be paid by the defendant, and those of the appeal by plaintiff.