LOTTINGER, Judge.
This is a suit in which petitioner, Lizzie Barnes Dannel seeks the interdiction of Aaron J. Barnes, III, who commonly went under the name of Aaron Barnes, Jr. The Lower Court granted the interdiction and .appointed petitioner as curatrix of the person and the Louisiana National Bank of Baton Rouge, Louisiana as the curator of the property of the interdict. The petitioner has taken a devolutive appeal.
The record discloses that the petitioner filed this suit alleging that Aaron J. Barnes, III was an incompetent and that his stepmother, Lenora Bacy Barnes, who was bequeathed the usufruct of the property ■owned by Aaron J. Barnes, III, by his ■deceased father, was in the process of ■selling some of the real property belonging to Aaron J. Barnes, III over which she had usufruct. Petitioner secured a temporary restraining order enjoining Lenora Racy Barnes from selling, mortgaging or alienating any of the property of Aaron J. Barnes, III, and also seeking the interdiction of said Aaron J. Barnes, III and her appointment as his curatrix. Lenora Bacy Barnes answered the petition alleging that no interdiction was necessary and praying, in the alternative, that in the event the interdiction is granted, a banking institution be appointed as curator of the property of Aaron J. Barnes, III under the provisions of Article 4069 of the Louisiana Code of Civil Procedure. Lenora Bacy Barnes also •sought a rule against petitioner to show cause why the temporary restraining order should not be dismissed, inasmuch as ten days had expired without it being renewed and, furthermore, because no preliminary or permanent injunction was prayed for in petitioner’s petition.
The Lower Court dismissed the restraining order against Lenora Bacy Barnes, granted the interdiction of Aaron J. Barnes, III, and appointed petitioner as the curatrix of his person and the Louisiana National Bank of Baton Rouge, Louisiana as the curator of his property. From this judgment the petitioner has taken a devolutive appeal.
The only question before us regards the separation of the curatorship of the person and the property of the interdict. It is the contention of petitioner that the judgment of the Lower Court should be reversed insofar as it appoints the banking institution as the curator of the property, and that said judgment should be amended so as to designate the petitioner, Lizzie Barnes Dannel as curatrix of both the person and the property of the interdict, Aaron J. Barnes, III. The petitioner-appellant bases her position on the provisions of Article 4069 of the Louisiana Code of Civil Procedure which provides as follows:
“In exceptional cases and for good cause shown, the court may appoint a bank as tutor of the property of the minor pursuant to the provisions of R.S. 6:322(6). This appointment may be made upon the court’s own motion or upon motion of the tutor or other person entitled to the tutorship if no tutor has been previously appointed, or upon motion of any interested person after a contradictory hearing with the tutor or person entitled to the tutorship.
In such cases, a tutor previously appointed shall continue as tutor of the person to whom the custody and care of the minor shall be entrusted. If no tutor has been appointed at the time of the appointment of the bank, the court shall appoint a tutor of the person of the minor.”
*851 The pertinent portion of this Article, insofar as the appeal by petitioner is concerned is the first sentence of the Article which provides that the court may appoint a bank as tutor of the property “In exceptional cases and for good cause shown * * * The provisions of Article 4069 governs the appointment of a separate curator of the property and person of an interdict according to the provisions of Article 45S0 of the Louisiana Code of Civil Procedure.
The transcript of testimony indicates that there was a conflict of personality between petitioner, who is the aunt of the interdict, and Lenora Bacy Barnes, his stepmother. The interdict’s father had died during the year 1961. Subsequent to the death of his father, Aaron J. Barnes, III continued to reside with his stepmother until he was sent to the East Louisiana State Hospital on December 4, 1964, after a commitment complaint was signed by his stepmother. He remained in the institution until a few days after Christmas of 1964 when he was released. He then returned to reside with his stepmother.
The record discloses that the petitioner is a school teacher, and her husband is employed by Southern University. They are both gainfully employed, petitioner has banking accounts as well as income property, and she is well able to take care of the person of the interdict. The testimony of the petitioner was to the effect that she would make arrangements for someone to stay with the interdict while she was working.
The testimony of petitioner, however, indicates that she has no unusual qualifications as a business manager. She was unable to tell the Court approximately what consideration she had received from sales which she had made of her property a few years before the trial of the matter. Although this had no reflection whatsoever on the competency of the petitioner, it evidently had some bearing on the decision of the Lower Court in separating the cura-torship of the person and the property. Another factor which evidently played a part in this decision was the fact that Aaron J. Barnes, III himself testified that he desired a bank to take care of his money and things. One of the main factors in our opinion which prompted the Lower Court to separate the curatorship was the fact that there was a personality conflict between the aunt and the stepmother and the fact that the stepmother had the usu-fruct of the property, which would force the stepmother to be in constant touch with the aunt.
Upon the interdiction of the person, this person becomes a ward of the State subject to the close supervision of the District Court at his domicile. The curator appointed is an officer of the Court. It is, therefore, imperative that the Court having jurisdiction have a wide discretion regarding the affairs of the interdict, and we believe that under the evidence before us, the Lower Court did not abuse this discretion in separating the curator-ship of the person and the property of the interdict, Aaron J. Barnes, III. We find no error in the decision of the Lower Court in separating the curatorship, and accordingly, the judgment of the Lower Court will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioner.
Judgment affirmed.