286 So.2d 667 (1973)
In re Interdiction of Mrs. Emma Jean Childress SWETT.
No. 12140.
Court of Appeal of Louisiana, Second Circuit.
October 10, 1973.
Rehearing Denied, November 13, 1973.
Holloway, Baker, Culpepper, Brunson & Cooper by Bobby L. Culpepper, Jonesboro, for plaintiff-appellant-Katherine Elizabeth McDonald.
Emmons & Henry by Joseph A. Reeves, Jr., Jonesboro, for opponent-appellee-Vanella Coleman Smith.
Before AYRES, HALL and WILLIAMS, JJ.
Rehearing Denied, En Banc. November 13, 1973.
HALL, Judge.
This is an appeal from a judgment of the district court interdicting Emma Jean Childress Swett and appointing Vanella Coleman Smith as curatrix of Mrs. Swett. We affirm the judgment of the district court.
Appellant, Katherine Elizabeth McDonald, contends the trial court was in error in holding that Mrs. Smith, rather than Mrs. McDonald, was better qualified to serve as curatrix of Mrs. Swett.
LSA-C.C.P. Art. 4550 provides in relevant part:
"If the interdict has no spouse or if the spouse does not apply for appointment as curator within ten days after the judgment of interdiction, the court shall appoint the applicant best qualified, personally, and by training and experience, to serve as curator."
The record reveals that Mrs. Swett is over eighty years old, is a widow, and was in state mental institutions from 1912 or 1913 until 1968 or 1969. She has resided at the Jackson Manor Nursing Home in Jackson Parish for approximately three years. Mrs. Smith and Mrs. McDonald are daughters of Mrs. Swett.
Appellant, Mrs. McDonald, contends she is better qualified to serve as curatrix of Mrs. Swett due to her education, business training and experience, ability to take care of the financial affairs of Mrs. Swett, willingness to take care of Mrs. Swett at home, and training in the field of nursing.
Appellant is fifty-seven years old. She resides in Pine Bluff, Arkansas with her husband. She testified she completed high school, attended business school, and took a detective course. She further stated that she worked for an insurance company and did detective work many years ago. She administers her family's two checking accounts. In regard to her nursing experience, Mrs. McDonald testified that when *668 she was a teenager she worked as a nurse for two months. She is neither a practical nurse nor a registered nurse. Appellant expressed a desire to move her mother to her home in Pine Bluff and look after her there.
Appellee, Mrs. Smith, is a sixty-four year old widow residing in Chatham, Louisiana, located in Jackson Parish. She has been administering the affairs of Mrs. Swett for approximately three years. Mrs. Swett's income consists of about $20 per month after nursing home expenses are paid. With this $20 Mrs. Smith pays the premiums due on three burial insurance policies on the life of Mrs. Swett and buys medicine and other necessary items for her mother. Mrs. Smith testified she visits her mother twice a week and takes care of her mother's needs as they arise.
In 1968 or 1969, Mrs. Swett was moved from a nursing home near Jackson, Louisiana, to Jackson Manor Nursing Home at the request of Mrs. Smith. Mrs. Smith's reason for requesting this move was to be closer to her mother and to be able to take better care of her. She testified she would have been willing to take care of her mother at her home but decided to keep her in a nursing home where she would be cared for by physicians and registered nurses. Mrs. Swett is bedridden most of the time and cannot walk by herself.
The question of which applicant is better qualified, personally, and by training and experience, to serve as curatrix of Mrs. Swett is a question of fact, the determination of which rests largely in the sound judgment and discretion of the trial judge. Both applicants have demonstrated a commendable, sincere interest in looking after their elderly mother, who is unable to care for herself, and both applicants are qualified. We agree, however, with the trial court's finding that under the facts and circumstances as revealed by the evidence, Mrs. Smith is the better qualified applicant to serve as curatrix of the interdict. Mrs. Smith has competently administered her mother's affairs and taken care of her mother's needs for the past three years and she lives close to the nursing home where Mrs. Swett is being cared for.
For the reasons assigned, the judgment of the district court is affirmed at appellant's cost.
Affirmed.