351 So.2d 1256 (1977)
In re the Interdiction of Mrs. Minnie Foster REDMOND.
Willie Floyd REDMOND, Appellant,
v.
Mrs. Janie Redmond DAVIS, Appellee.
No. 11489.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
Rehearing Denied November 21, 1977.
*1257 W. Hugh Sibley, Greensburg, for mover in rule.
Walton J. Barnes, II, Baton Rouge, for defendant in rule.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
This appeal arises from a rule to show cause why the curator of an interdict should not be removed and a new curator appointed. Mrs. Minnie Foster Redmond was judicially interdicted on September 26, 1974 and her son, Willie Floyd Redmond, was appointed curator. Her son-in-law, Mr. Wilmer Davis, was appointed under-curator. The daughter of the interdict, Mrs. Janie Redmond Davis (wife of Wilmer Davis), filed the instant rule on October 26, 1976, asking that the curator be removed and that she be appointed in his stead. She alleged as grounds for removal that the curator had not paid certain necessary expenses of the interdict, had not filed an annual account in his two years as curator, and had committed other acts of mismanagement. The rule was made absolute and Mrs. Davis was substituted as curator and Mr. Willie Floyd Redmond was appointed under-curator. We affirm.
It is recognized that, absent specific codal provisions to the contrary, the relationship between an interdict and his curator is the same as that between a minor and his tutor. C.C.P. Art. 4554.
C.C.P. Art. 4234, as amended by Act No. 429 of 1976, provides in pertinent part:
"Art. 4234. Removal of tutor
The court may remove any tutor who is or has become disqualified; is a nonresident who has not appointed, or has left the state permanently without appointing, an agent to represent him as required by Article 4273; has become incapable of discharging the duties of his office; has mismanaged the minor's property; has failed to perform any duty imposed by law or by order of court; or if such removal would be in the best interests of the minor." (emphasis ours)

* * * * * *
The last sentence, emphasized above, was added by the 1976 amendment.
It is clear from a reading of the petition and the testimony adduced during the course of the hearing on the motion that the basis upon which Mrs. Davis sought the removal of Mr. Redmond was the averred mismanagement of the interdict's estate by the latter. We note that the rule was filed very shortly after the effective date of the amendment and counsel for both parties have failed to address themselves to its significance.
In adopting the amendment, we think the legislature intended that in addition to the specific grounds for removal listed in the article the court should also be vested with a certain degree of discretion and that the interests of the interdict should be paramount.
We affirm the decision of the trial court not on the grounds of any mismanagement of the interdict's estate by the deposed curator but on the discretionary grounds that it is in the best interest of the interdict. We are not favored with either written or oral reasons from the trial judge and therefore do not know the reasons for his decision. Nonetheless, the curator (Mr. Willie Floyd Redmond) in the instant cause should not be branded as failing to have properly administered his mother's affairs for the evidence does not justify such an indictment.
*1258 However, the evidence does support the conclusion that the day to day responsibility of tending to the personal needs of the interdict has been satisfied by Mrs. Davis. For several years Mrs. Minnie Foster Redmond has been confined in a nursing facility. Mrs. Davis has visited her on a very regular basis, has taken her to doctors when the occasions have required, lives in close proximity to the nursing home where her mother presently resides, and in general, has had far more personal contact with her mother than has Mr. Redmond who resides in another area of the state.
Further, the estate of the interdict is rather small and does not require any particular expertise. The income consists of social security and retirement checks. The real estate consists of a home on small acreage which is almost contiguous to property owned by Mrs. Davis and her husband.
Under the above circumstances, we do not find that the decision of the trial judge is manifestly erroneous and affirm. All costs of these proceedings are assessed against the estate of the interdict.
AFFIRMED.