366 So.2d 204 (1978)
In the Matter of the Interdiction of Mrs. Charlotte H. MAGEE.
No. 13716.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1978.
Egan & Cook by Reuben W. Egan, Shreveport, for plaintiff-appellant, L. V. Magee.
Campbell, Campbell & Johnson by Cecil P. Campbell and Henry G. Hobbs, Minden, for defendants-appellees, Yvonne Ulmer Hoffoss, William L. Hoffoss, Charlotte Ann Hoffoss Lott, John Lee Hoffoss and Bill Koen Hoffoss.
Before BOLIN, HALL and JONES, JJ.
HALL, Judge.
In this interdiction proceeding, the only issue to be resolved on appeal is whether the district court erred in appointing a bank as curator of the property of the interdict instead of the interdict's spouse who sought the appointment and who appeals from the judgment. Appellee is an alleged grandson of the interdict who also sought the appointment *205 but who now acquiesces in the appointment of the bank. Neither party takes issue with the district court's decision not to appoint a curator of the person of the interdict at this time.
LSA-C.C.P. Art. 4550 provides that the spouse of an interdicted person has the prior right to be appointed curator. The same article provides, however, that Article 4069 governs the appointment of a separate curator of the property and person. The latter article provides that in exceptional cases and for good cause shown, the court may appoint a bank or another person as tutor [curator] of the property of the minor [interdict], and that the appointment may be made upon the court's own motion, the motion of the tutor [curator] or the motion of any interested person.
Here, the court on its own motion appointed the bank as curator of the property of the interdict because appellant and his wife kept their business affairs separate and had not really lived as husband and wife for a number of years. The trial court has wide discretion to act in the best interests of the interdict for the protection and preservation of the interdict's property. In re Interdiction of Barnes, 182 So.2d 849 (La.App. 1st Cir. 1965). In Barnes, the district court's appointment of a bank as curator of an interdict's property over the objection of the interdict's aunt, who was appointed curatrix of the person, was affirmed on findings that the aunt had no unusual qualifications as a business manager, the interdict himself desired a bank to handle his property, and there was a conflict between the aunt and the stepmother of the interdict. Here, although there is no evidence that appellant is not a competent manager of business matters, there is evidence of serious conflict between him and other members of the family and of the past desire and practice of the interdict to keep her property and business affairs separate from her husband, with whom she had a strained relationship. Under the circumstances, the appointment of the bank as curator of the property of the interdict was a reasonable exercise of the district court's wide discretion, was for good cause, and will not be disturbed.
In the district court and on appeal appellant questioned appellee's standing as a party to this action on the alleged grounds that appellee's father was not actually the interdict's son and there is no blood relationship between appellee and the interdict. The issue of descent was resolved in appellee's favor by the district court, and is briefed by both parties on appeal.
Regardless of blood relationship, the record shows appellee's father was reared by the interdict from birth and was held out to the world as her son. Appellee, as grandson, attended to many of the interdict's needs in recent times. His status as an interested person was clearly established.
Any interested person has standing to oppose appointment of the spouse as curator, seek removal or disqualification of the spouse as curator, seek appointment as curator (although the spouse has the prior right under LSA-C.C. Arts. 412 and 413 and LSA-C.C.P. Art. 4550), or seek appointment of a separate curator of the property of the interdict (which the court can do, and did in this case, on its own motion). Blood relationship is not a requirement and is irrelevant to the issue of whether the district court properly exercised its discretion in appointing the bank curator of the interdict's propertythe only issue presented on this appeal. The matter of blood descent will not, therefore, be reviewed by this appellate court.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.