DOMENGEAUX, Judge.
This appeal arises from a rule to show cause why the curator of an interdict should not be removed and the former eu-ratrix reappointed.
Mr. John D. Hines was interdicted in October, 1977, and his wife, Mrs. Geraldine James Hines was appointed curatrix. Her husband’s lifelong friend and business associate, Mr. Reggie Griffith, was appointed undercurator. In December, 1979, upon advice of previous counsel, Mrs. Hines voluntarily withdrew as curatrix, and Wilburn Ray Hines, the interdict’s brother, was appointed the new curator. Mr. Griffith remained undercurator. On February 17, 1983, Mrs. Hines filed the instant rule asking that the curator be removed and that she be reappointed in his stead. She alleged as grounds for removal of Wilburn Ray Hines that her designation as curatrix would be in the best interest of the interdict.
Following the proceedings, the district judge granted judgment in favor of Mrs. Hines. The trial court initially stated in reasons for the judgment that all parties involved demonstrated genuine concern for the health, welfare, and quality of life of John D. Hines, the interdict. The court further stated that although the present curator commendably administered his brother’s estate, it is proper for Mrs. Hines to assume her role as curatrix once again. The court accepted Mrs. Hines’ explanation for relinquishing the curatrixship and held that as John D.’s wife she has a superior right to serve as curatrix.
The court granted her request and appointed her curatrix; the court appointed Wilburn Ray Hines co-undercurator with Reggie B. Griffith. Wilburn Ray Hines, defendant in rule, devolutively appealed. He alleged that the trial court erred in removing him as the interdict’s curatrix; and in admitting a video tape of the interdict at trial on the rule. Mrs. Hines answered the appeal, contending that the judgment of the trial court should be modified insofar as it appointed Wilburn Ray Hines as co-undercurator. We find that it was error to admit the video tape but this merely constituted harmless error. For the following reasons we affirm the judgment of the trial court.
FACTS
In 1974 John D. Hines was diagnosed as having a chromophobe adenoma (a massive pituitary tumor) which caused organic brain damage. The subsequent intercranial surgery resulted in severe organic brain syndrome (traumatic senility) and also an endocronological imbalance, as well as other physical, mental, and emotional complications. In 1977, interdiction proceedings commenced because John D. Hines became incapable of caring for himself or administering his estate. Pursuant to judicial commitment, he has been institutionalized in *557 various chronic care facilities since that time. At the hearing on this rule, Mrs. Hines stated that she had cared for her husband at home for three years following the surgery but due to his mental condition, his continuing medical infirmities, and a guarded prognosis of ever regaining his competency, Mrs. Hines sought his interdiction. Some time after instituting those 1977 proceedings, Mrs. Hines asked to be relieved of her duties as curatrix; she stated that she felt compelled to devote more time to the couple’s two minor children. The parties then effected a partition of the community property and established a separate property regime. After the appointment of her successor, Wilburn Ray Hines, a breakdown in communication occurred between Mrs. Hines, Mr. Wilburn Ray Hines, and their attorneys, centering around the issues of information about John D. Hines, and of the amount of child support payments. Initially, the parties negotiated an oral agreement for child support; however, the curator delayed the payment of child support. Mrs. Hines contemplated a divorce action as a device to obtain living expenses for the children and thereafter filed a petition for separation, alimony pendente lite, custody and child support. When Mrs. Hines discovered that the child support could be accomplished by petitioning the interdict's estate for expenses of the legal dependents, Mrs. Hines amended the request, and withdrew the petition for legal separation. See our discussion of this issue in Hines v. Hines, 419 So.2d 971 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 980 (La.1982).
Mrs. Hines then pursued an action for removal of the curator in order to maintain the immediate family’s closeness and control over John D. Hines’ medical treatment and quality of life.
APPLICABLE LAW
The appellant contends that the trial court erred in allowing Mrs, Hines, plaintiff in rule — appellee, to introduce into evidence a video tape of the interdict which consists of hearsay testimony. Mrs. Hines counters that the video tape is only a depiction of the family, a variation of documentary or photographic evidence.
In our review of the record, though, we find that the video tape is indissociable from a deposition of the interdict, either in the nature of perpetuating testimony or propounding questions under oral examination. See La.C.C.P. Arts. 1431, 1439, 1440, and 1443.
La.C.C.P. Art. 1438 requires that written notice must be given by the party taking the examination to every other party to the action. Reasonable notice of taking the deposition is a prerequisite to its introduction into evidence at trial. Hollier v. Galtier, 430 So.2d 376 (La.App. 3rd Cir. 1983). However, any error resultant from admitting the video tape was harmless; the testimony adduced at trial accurately delineated Mr. Hines’ condition and served as the best evidence thereof. Any value derived from a video tape of John D. Hines as to his state of mind was merely cumulative and was not prejudicial to the opposing party. See La.C.C.P. Arts. 1631, 1632; Powell v. Parkview Estate Nursing Home, 240 So.2d 53 (La.App. 2nd Cir.1970); see also La.C.C. Arts. 31, 32, and 33.
La.C.C.P. Art. 4554 provides that the relationship between the interdict and the curator is the same as that between a minor and his tutor, with respect to the person and property of the interdict, except for codal provisions which specifically govern interdiction and curatorship. Besides the general cross-reference, this source article also contains specific references to the oath, inventory, security, method of administration, and other obligations.
La.C.C.P. Art. 4234 sets forth the causes for removal of the tutor which are analogical to the removal of a curator, following the directive of La.C.C.P. Art. 4554. La.C. C.P. Art. 4234 as amended by Act No. 429, Section 3, 1976, provides in pertinent part:
“The court may remove any tutor who is or has become disqualified; is a nonresident who has not appointed, or has left the state permanently without ap *558 pointing, an agent to represent him as required by Article 4273; has become incapable of discharging the duties of his office; has mismanaged the minor’s property; has failed to perform any duty imposed by law or by order of court; or if such removal would be in the best interests of the minor.” (Emphasis ours.)
We stress this last sentence which was added by the 1976 amendment. The First Circuit explained the fundamental principle of supplementing the grounds for removal:
“... In adopting the amendment, we think the legislature intended that in addition to the specific grounds for removal listed in the article the court should also be vested with a certain degree of discretion and that the interests of the interdict should be paramount.”
In re Redmond, 351 So.2d 1256, 1257 (La. App. 1st Cir.1977), writ denied, 353 So.2d 1341 (La.1978).
We affirm the decision of the trial court on the discretionary premise that it is in the best interest of the interdict. The evidence adduced at trial shows that John D. Hines requires constant care and monitoring of both his person and property. The trial court found that the evidence indicates that Wilburn Ray Hines properly administered his brother’s medical treatment and financial affairs. However, the evidence supports the conclusion that the responsibility of tending to John D. Hines’ needs and administering his estate rightfully belongs to Mrs. Hines. La.C.C.P. Art. 4550 mandates that the spouse of the interdict possesses the prior right to be appointed curator:
“Within thirty days after the judgment of interdiction the court shall appoint a curator for the person interdicted.
By power of attorney, a competent person may nominate the curator of his person, of his property, or both, to serve should he be later interdicted. The court shall appoint the person nominated upon his furnishing security and taking an oath, as provided in Articles 4131, 4171, and 4554, unless he is disqualified, or, unless for some other reason, the court determines that the appointment would not be for the best interest of the interdict.
If the curator is not nominated by power of attorney, or if the nominee is not appointed, the spouse of an interdicted person has the prior right to be appointed curator.
If the interdict has no spouse or if the spouse does not apply for appointment as curator within ten days after the judgment of interdiction, the court shall appoint the applicant best qualified, personally, and by training and experience, to serve as curator. Article 4069 governs the appointment of a separate curator of the property and person.”
We do note, though, that the trial court recognized the need for financial expertise due to the size of the interdict’s estate, and accordingly, appointed Wilburn Ray Hines as co-undercurator.
Under the circumstances presented at trial, we find that the decision of the trial court is correct and therefore affirm the judgment. In re Swett, 286 So.2d 667 (La. App. 2nd Cir.1973).
All costs of these proceedings are assessed against the estate of the interdict.
AFFIRMED.