GOTHARD, Judge.
This case involves a contest between two applicants for appointment to the curator-ship in an interdiction proceeding.
Clementine LaFrance Thomas, then age 71, signed herself into Waldon Healthcare Center in Kenner on October 31, 1985, and was a resident there at time of trial. Her nephew, William P. Crespo, Jr. signed as guarantor. Mrs. Thomas’ husband had died in 1978 and she had no children.
On April 22, 1986 Amanda LaFrance, a sister of Clementine Thomas, filed a petition for interdiction, alleging that Mrs. *1316 Thomas was “incapable of managing her financial and business affairs,” and seeking to be named curator with another sister, Mamie LaFrance Gallardo, as under-curator. William P. Crespo, Jr., Mrs. Thomas’ nephew, filed an opposition to the interdiction and in the alternative sought to be appointed curator. Mrs. Thomas’ niece, Jacqueline St. Blanc, filed a supplemental petition seeking the curatorship. Through appointed counsel Mrs. Thomas opposed the interdiction and, alternatively, prayed that William P. Crespo, Jr. be appointed curator if one is needed. At trial of the matter Crespo did not oppose the interdiction. The court rendered judgment pronouncing Mrs. Thomas an interdict, appointing Crespo curator of her person and estate, and appointing Gail Fisher Crespo under-curator. Amanda LaFrance and Jacqueline St. Blanc appealed.
La.C.C.P. art. 4550 provides, in pertinent part:
If the interdict has no spouse or if the spouse does not apply for appointment as curator within ten days after the judgment of interdiction, the court shall appoint the applicant best qualified, personally, and by training and experience, to serve as curator. Article 4069 governs the appointment of a separate curator of the property and person.
The jurisprudence has established the trial judge’s wide discretion to act in the best interest of the interdict in appointing a curator. Matter of Magee, 366 So.2d 204 (La.App. 2nd Cir.1978); In Re Swett, 286 So.2d 667 (La.App. 2nd Cir.1973); Interdiction of Hines, 458 So.2d 555 (La.App. 3rd Cir.1984).
The appellants’ opposition to Crespo’s appointment is based upon an alleged conflict of interest because of his purchase of Mrs. Thomas’ house in March, 1984 and later resale by Crespo to his son. They have filed suit to rescind the sale. In addition, Mr. Crespo and his brother have filed suit for partition of a piece of property which they own in indivisión with Mrs. Thomas, Mrs. Gallardo, Margaret Sedita, and Amanda Harrell. Mrs. Harrell has lived on the property rent free and claims full ownership.
Crespo testified that he is a carpenter and had renovated an apartment Mrs. Thomas occupied on her own property. He had been looking after her personal needs and assisting her with her business affairs at least since 1982. In 1983 Mrs. Thomas executed a statutory will naming Crespo her sole heir. Amanda Harrell admitted that Crespo had made the apartment very comfortable and that Mrs. Thomas told her that Crespo was taking care of her. Mrs. Harrell testified that she attempted to help her sister before and after her entry into the home but that Mrs. Thomas refused her assistance for the most part. Two other nieces, including Jacqueline St. Blanc, indicated that they had not visited Mrs. Thomas in many years. In summary, the record indicates that the concern of the appellants is for management of Mrs. Thomas’ assets, not concern for her personal needs or problems.
The trial judge stated his reasons for appointing Crespo as follows:
... I’m of the opinion that Mr. Crespo should be appointed as curator. He’s cared for the lady; he’s had the experience with the lady; he’s had more contact with the lady; he lives in close proximity to this nursing home and it’s my opinion he should serve as her curator.
We agree with the trial judge that Crespo is the person most interested in Mrs. Thomas’ welfare and the logical choice for curator of the person. However, we are concerned over the propriety of Crespo’s managing her property in light of the unanswered questions raised at trial regarding his purchase of the house and the disposition of $25,000 in cash that he testified he paid for it, along with the fact that Crespo and his brother have filed suit for partition of a piece of property owned in indivisión with Mrs. Thomas and her sisters. La.C.C.P. art. 4069 provides for a separate curator of property, upon a showing of good cause. The appointment may be made upon the court’s own motion. Matter of Magee, 366 So.2d 204 (La.App. 2nd Cir.1978).
*1317 Accordingly, we amend the judgment to name Crespo curator of the person, but require that a bank be named separate curator of the property and remand to the trial judge for the limited purpose of making an appropriate appointment. In all other respects the judgment appealed from is affirmed.
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.