|, CARAWAY, J.
In this appeal, the tutors of the two minor plaintiffs failed to timely pay the estimated costs of appeal following an adverse judgment dismissing the plaintiffs’ claims against defendants. The trial court dismissed the tutors’ appeal as abandoned pursuant to La. C.C.P. art. 2126. Nevertheless, the undertutor of the minors, who had been listed as a party plaintiff with the tutors, throughout the proceedings, attempted to pursue the appeal in forma pauperis. The defendants filed an exception of no right of action with this court seeking dismissal, of the appeal of the un-dertutor. For the following reasons, we grant the peremptory exception and dismiss the appeal.

Facts and Procedural History

This suit arises from an intersectional collision which occurred on April 6, 1996. Shreveport Police Officer James Creighton was driving his patrol vehicle in the favored lane of travel on a major street and impacted with; a vehicle driven by Darnell Green (“Green”) as it turned onto the street from a residential subdivision. Green’s two passengers, Kathleen Fitzpatrick, and their young son, Corey Green *316 (“Corey”), also occupied the front seat of the car. Green’s blood alcohol level was later determined to be 0.17g% and he ultimately pled guilty to DWI. Kathleen Fitzpatrick sustained moderate facial injuries but died from an unrelated medical cause before suit was filed. Corey was briefly knocked unconscious and hospitalized for two days as a result of the accident. In addition to Corey, Kathleen was also survived by another child, Garrick Collins (“Garrick”).
| ?Green, individually and in his capacity as natural tutor of his minor son, Corey, filed a suit for damages against the City of Shreveport and Creighton. Garrick’s father, Albert Collins (“Collins”), joined in the petition as Garrick’s natural tutor. Meleria Fitzpatrick (“Meleria”), Kathleen’s mother, also joined the suit, as undertutor for both Corey and Garrick. The petition also was said to be filed on behalf of the “Estate of Kathleen Fitzpatrick.”
Defendants urged a dilatory exception, alleging that Green, Collins, and Meleria had not alleged facts sufficient to support their appointments as tutors and undertutor. Moreover, defendants excepted to the procedural capacity of “The Estate of Kathleen Fitzpatrick” as an improper party plaintiff in the suit, arguing that the survival action would devolve upon her two minor children.
The trial court dismissed the lawsuit on defendants’ motion when plaintiffs failed to timely amend their pleadings to remove the grounds for the parties’ procedural incapacity. This ruling was set aside after tutorship proceedings were instituted,[1] and Green, Collins and Meleria were all confirmed as the representatives of the boys by judgments dated October 27, 1997. The trial court granted plaintiffs’ motion for reconsideration and reinstated the lawsuit.
After a bench trial, the trial court found Green 100% at fault for the accident and dismissed the defendants from the suit. Green (individually |sand as tutor for Corey), Collins (as tutor for Garrick) and Meleria (as undertutor) petitioned for appeal of this judgment, and the order granting a devolutive appeal was entered by the trial court on August 12, 2003. On October 2, 2003, the plaintiffs all moved for and were granted an extension of time until October 22, 2003, to pay courts costs associated with prosecuting the appeal.
On October 22, the estimated costs for the appeal were not paid. However, on that day, Meleria moved to proceed in forma pauperis, and on October 23, the trial court granted her request.
Thereafter, upon the arrival of the record in this court, the plaintiffs’ counsel was notified by this court on January 21, 2004, that the record would not be lodged in the absence of payment of the appellate court filing fee. The clerk noted that only one of the named plaintiffs had been granted pauper status.
In March 2004, defendants moved to dismiss the appeal as abandoned under La. C.C.P. art. 2126. The district court issued a rule to show cause why the appeal should not be dismissed. Neither Green, Collins, Meleria, nor their attorney of record was present at the hearing on the motion. After argument, the court rendered judgment in favor of the City of Shreveport and Officer Creighton dismissing as abandoned the appeal of Green, individually and as tutor for Corey, and Collins’ appeal, *317 as tutor for Garrick. The clerk of court was ordered to resubmit the appeal of Meleria to this court within 30 days of the order. On May 24, 2004, the appeal was lodged with this court.
|4One month later, on June 23, 2004, defendants filed in this court a peremptory exception of no right of action, arguing that as the undertutor, Meleria Fitzpatrick had no right to prosecute the appeal on behalf of the minors. They seek a dismissal of the appeal on those grounds.

Discussion

Pursuant to La. C.C.P. arts. 683(B) and 4264, the tutor is the proper party plaintiff to sue to enforce a right of an unemancipated minor. The undertutor is necessary to exercise a constant supervision or watchdog role over the acts of the tutor. Interdiction of Polmer, 141 So.2d 696 (La.App. 1st Cir.1962) (citing Planiol Civil Law Treatise, Vol. 1, Part 2, par. 1865), and La. C.C.P. art. 4202. Therefore, the roles of the tutor and undertutor are separate. As indicated by La. C.C.P. art. 4205, “the tutorship does not devolve upon the undertutor when it is vacant.” Likewise, without court action in the tutorship proceeding calling a decision into question, the representative power of the tutor does not transfer to the undertutor because of the tutor’s decision not to act in the management of the minor’s interests.
From these principles, the listing of Meleria, the undertutor, throughout this case as a representative party plaintiff for her grandsons’ tort action was improper. The petition for appeal, with Meleria listed with the tutors-as a petitioner, was substantively the action of only the tutors in their representative capacities and by Green for his individual claim. Accordingly, when the trial court acted pursuant to its power under La. C.C.P. arts. 2088(9) and 2126 and dismissed the claims of the two tutors for failure to timely pay the estimated costs of the appeal, the claims of the two |5minors, Corey and Garrick, ended and the judgment against them became final.
As noted above, the tutorship proceedings were both instituted as a part of this same suit record. In October 2003, when the tutors failed to pay the costs of appeal, there was no action taken in the tutorship proceedings that might indicate a reason for their decisions. When Meleria applied to proceed in forma pauperis, she gave no indication why the tutors had elected not to proceed with the appeal by the payment of costs. The financial status of the minors’ estates was not detailed in support of the motion to proceed in forma pauperis, only Meleria’s personal finances. Meleria did not purport to pursue the appeal in pauper status in any other capacity, except as undertutor. Finally, we note that on December 28, 2003, Garrick reached the age of majority and he never elected to substitute himself as party plaintiff in the action.
The peremptory exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Sustainable Forests, L.L.C. v. Harrison, 37,152 (La.App.2d Cir.5/22/03), 846 So.2d 1283. The exception may be filed or reurged by appellee at the court of appeal. La. C.C.P. art. 2163 and Senn v. Board of Sup’rs of Louisiana State Univ., 28,599 (La.App.2d Cir.8/21/96), 679 So.2d 575, writ denied, 96-2344 (La.10/25/96), 681 So.2d 379.
Accordingly, finding the trial court’s ruling correct and final that the tutors for the minor plaintiffs abandoned the appeal, we find that Meleria | (¡Fitzgerald, the undertutor, has no standing or legal interest to *318 further pursue the appeal on behalf of the minors. The exception of no right of action is granted and the appeal is dismissed.
APPEAL DISMISSED.

. The two separate petitions for the appointment of tutors, in proceedings styled Tutorship of Garrick Fitzpatrick and Tutorship of Corey Green, and corresponding judgments were filed under the same suit number for the present tort action and are included in the record.