84 So.3d 601 (2011)
In the Matter of Henry J. HELM.
No. 2011-CA-0500.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 2011.
*603 Timothy G. Schafer, Schafer & Schafer, New Orleans, LA, for Appellant, Henry J. Helm.
Jennifer B. Eagan, New Orleans, LA, for Appellees, Curator and Co-Undercurators, Althea Helm, Donna H. Oufnac and Lester G. Oufnac.
(Court composed of Judge CHARLES R. JONES, Judge PAUL A. BONIN, Judge DANIEL L. DYSART).
PAUL A. BONIN, Judge.
Henry Helm was interdicted; his interdiction is not in dispute. Mr. Helm, however, through his court-appointed attorney,[1] appeals the appointment of Mr. Helm's wife, Althea, as his curatrix. He argues that by virtue of his appointment of his niece Barbara Manteris as his procuratrix sheand not his spousewas entitled to preference in the appointment of a curatrix. The trial judge decided that Mr. Helm at the time he executed the act of procuration was unable to make a "reasoned decision" regarding the matter and thus found that Mrs. Helm was entitled to the appointment.
We affirm the appointment of Mrs. Helm as curatrix but for a reason different from the trial judge's. Because the act of procuration upon which Mr. Helm relies was not introduced into evidence, we find as a matter of law that there is no evidentiary basis to consider whether Mr. Helm properly nominated or designated Ms. Manteris curatrix in the event of his inter-diction.[2] We necessarily conclude that Mrs. Helm enjoys preference of appointment.[3] We need not review for manifest error the trial judge's factual determination that, at the time he executed the act of procuration, Mr. Helm could not make a reasoned decision about his choice as curatrix.
We identified an issue, however, not first raised by the parties concerning the appointment of the undercurators, Donna Oufnac and Lester Jack Oufnac, who are the Helms' daughter and son-in-law. Mrs. Oufnac signed as surety for the curatrix. Because we find that her duties as undercuratrix are in irremediable conflict with her obligations as surety to the curatrix, we reverse the judgment in part and vacate her appointment as a co-undercurator. Also, we remand with instructions to the trial court to determine if the Oufnacs are under a community property regime and, if so, to remove Mr. Oufnac as undercurator and appoint a substitute undercurator who is without a conflict of interest.
We explain our decision in greater detail in the following Parts.

I
In this Part we address why we affirm the appointment of Mrs. Helm as curatrix but for reasons which differ from the trial judge's. At the outset we note that we forego any discussion of the background *604 facts or factual disputes among these family members as unnecessary to an understanding of the exclusively legal issues which are dispositive.[4]

A
Ordinarily, we would review the trial court's factual determination about Mr. Helm's incapacity or inability to designate Ms. Manteris as his curatrix under the well-known manifest error/clearly wrong standard. See Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Interdiction of F.T.E., 23060, 23061 (La.App. 2 Cir. 1/29/92), 594 So.2d 480, 486. In reviewing an appointment, our courts have accorded the trial judge "great discretion to act in the best interest of the interdict in appointing a curator." In re Smith, 94-262, p. 19 (La. App. 5 Cir. 11/16/94), 646 So.2d 1052, 1061; In Re Interdiction of Thomas, 535 So.2d 1315, 1316 (La.App. 5th Cir.1988) (stating: "The jurisprudence has established the trial judge's wide discretion to act in the best interest of the interdict in appointing a curator. Matter of Magee, 366 So.2d 204[, 205] (La.App. 2nd Cir.1978); In Re Swett, 286 So.2d 667[, 668] (La.App. 2nd Cir. 1973); Interdiction of Hines, 458 So.2d 555[, 558] (La.App. 3d Cir.1984).")
But in this case, as we have stated, we have decided that a question of law disposes of the claim that Ms. Manteris is entitled to priority of appointment as curatrix. We determine questions of law de novo and afford no deference to a trial judge's determination of a question of law.

B
Mr. Helm argues that because Ms. Manteris is Mr. Helm's procuratrix she is ipso facto his nominee or designee for curatrix. We cannot agree with Mr. Helm because the procuration wherein Mr. Helm designated Ms. Manteris as his agent was never introduced into evidence.
In order for a person to obtain preference in appointment as curator, a prospective interdict must explicitly nominate or designate him as curator in the event of interdiction. The Code of Civil Procedure indicates clearly the necessity of a writing under the circumstances. La. C.C.P. art. 4561(A) provides that a trial court "shall appoint as curator the qualified person who is best able to fulfill the duties of his office." Moreover, Article 4561 C(1) provides a trial court with a schedule of preferences when faced with more than one qualified candidate:
The court shall consider the qualified persons in the following order of preference:
(a) A person designated by the defendant in a writing signed by him while he had sufficient ability to communicate a reasoned preference.
(b) The spouse of the defendant.
(c) An adult child of the defendant.
(d) A parent of the defendant.
(e) An individual with whom the defendant has resided for more than six months prior to the filing of the petition.
(f) Any other person.
Mr. Helm argues that the trial court erred when it failed to name Ms. Manteris as his curator because his December 8, 2010 act of procuration indicates his intent to also have Ms. Manteris serve as his curator. Similarly, Ms. Manteris' claim to preferential appointment rests solely upon the December 8, 2010 act of procuration. However, Mr. Helm's argument fails because the record indicates *605 that he failed to introduce the December 8, 2010 act of procuration into evidence. The record indicates that Mrs. Helm attached a copy of the December 8, 2010 act of procuration to her petition for interdiction, but no party offered it into evidence at trial.
The jurisprudence provides that arguments and pleadings are not evidence. In re Melancon, 05-1702, p. 7 (La.7/10/06), 935 So.2d 661, 666; Garco, Inc. v. Rob's Cleaning & Powerwash, Inc., 08-1249, p. 8 (La.App. 4 Cir. 4/22/09), 12 So.3d 386, 391. See also Jones v. Jones, 09-757, 5 (La.App. 5 Cir. 12/29/09), 30 So.3d 137, 139 ("Memoranda and exhibits which were not filed into evidence in the trial court are not part of the record on appeal."). "Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." Denoux v. Vessel Mgmt. Servs., Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. In Denoux, the Louisiana Supreme Court stated that "[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." Id. "Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." Id. Accordingly, this Court must disregard Mr. Helm's arguments with respect to the December 8, 2010 act of procuration, regardless of their merits, because Mr. Helm failed to introduce the December 8, 2010 act of procuration into evidence.

C
Thus, Althea Helm, the spouse of the interdict, was entitled by law to preference of appointment and, because she was not disqualified from the office, properly appointed the curatrix of her interdicted husband. Accordingly, we affirm that part of the judgment appointing Mrs. Helm curatrix.

II
In this Part we explain why sua sponte we questioned the appointment of the co-undercurators. See Merrill v. Greyhound Lines, Inc., 10-2827, p. 2 (La.4/29/11), 60 So.3d 600, 601. And we further explain why we vacate the appointment of Mrs. Oufnac as one of the co-undercurators and remove her because of an irremediable conflict of interest arising from the duties of the office of undercurator and the obligations of a surety to the curatrix. See LA. C.C.P. ARTS. 2164 and 4568.
The office of undercurator is not that of a deputy, assistant, or adjunct to the curator. To the contrary, "the law clearly sets forth that it is the duty of an under-curator to act whenever he or she believes that the best interests of the interdict are contrary to the proposed action by or on behalf of the interdict." Interdiction of Polmer, 141 So.2d 696, 702 (La. App. 1st Cir.1961). "The legal duty to oppose any action by the interdict or the curator, which the under-curator does not believe is to the best interest of the interdict, is incumbent upon the under-curator until the interdiction is removed...." Id.
An undercurator's role, like that of an undertutor, might generally be described as one of a watchdog. See Green v. City of Shreveport, 39,066, p. 4 (La.App. 2 Cir. 10/27/04), 888 So.2d 314, 317 (noting that the duty of an undertutor to the minor is to "exercise a constant supervision or watchdog role over the acts of the tutor.") See also Redmond v. Davis, 351 So.2d 1256, 1257 (La.App. 1st Cir.1977) (The relationship between an interdict and his curator is the same as that between a minor and his tutor.); McCrady v. Sebastian, 150 La. 459, 465 (La. 1922), 90 So. 760, 762.
An undercurator must perform specific duties, including the duty to "[n]otify the *606 court when he has reason to believe that the curator has failed to perform any duties imposed by law, including the duties to file necessary accounts and personal reports, and to maintain adequate security." LA. C.C.P. ART. 4565 B(4) (emphasis added). Of course, the curator's requirement to furnish security is for the protection of the interdict "to cover any loss or damage which may be caused by the bad administration" of the curator. Cf. LA. C.C.P. ART. 4131 A; see also LA. C.C.P. ART. 4563 A.
Here, notwithstanding an undercuratrix's general independent watchdog role of the curatrix's actions and the undercuratrix's specific duties to the court to report failings of the curatrix in the performance of her duties, our undercuratrix undertook to obligate herself as legal surety for the curatrix. Suretyship is defined as "an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so." LA. CIVIL CODE. ART. 3035. Mrs. Oufnac's obligation is solidary, albeit conditional, with Mrs. Helm's obligation to cover any losses or damages to the interdict which may be caused by a maladministration. See LA. CIVIL CODE ARTS. 1794, 1798, and 3069. In the event of a judgment against the curatrix which she cannot satisfy, Mrs. Oufnac's own property is subject to seizure to satisfy the suretyship obligation she has undertaken. See LA. CIVIL CODE ART. 3065.
Accordingly, we reverse that part of the trial court judgment appointing Mrs. Oufnac an undercuratrix and, on our own motion, remove her from office for the good cause that she has a substantial conflict of interest arising from the irremediable incompatibility of her responsibilities, obligations, and duties as the undercuratrix on the one hand and the curatrix's surety on the other hand. See LA. C.C.P. ARTS. 2164 and 4568.

III
In this Part we briefly address the trial court's appointment of Mr. Oufnac as an undercurator.
We are unable to determine from the record before us whether a community property regime exists between Mr. and Mrs. Oufnac. It is likely that, if a community property regime governs the Oufnacs, Mrs. Oufnac's obligation as surety to the curatrix is her separate obligation. See LA. CIVIL CODE ART. 2363 ("A separate obligation of a spouse is one incurred by that spouse ... during the existence of a community property regime though not for the common interest of the spouses or for the interest of the other spouse.") But that would not preclude Mr. Oufnac's liability for Mrs. Oufnac's suretyship obligation because "[a] separate ... obligation may be satisfied during the community property regime from community property..." LA. CIVIL CODE ART. 2345. Article 2345 "establishes that the characterization of the obligation as separate or community is irrelevant to a third party to whom a spouse incurs an obligation." Katherine S. Spaht and Richard D. Moreno, Louisiana Civil Law Treatise: Matrimonial Regimes (3d ed.), § 6.2. "[C]ommunity property is, in a sense," the commentators explain, "a part of the patrimony of both spouses and subject to seizure in its entirety by either spouse's creditor." Id.
Thus, if there is a community property regime, Mr. Oufnac's own interest in community property could be adversely materially affected by Mrs. Oufnac's obligation as surety which may impair his performance of the duties of an undercurator.

REMAND INSTRUCTIONS
We remand the case to the trial court in order for the district judge to make a *607 determination whether a community property regime exists between Mr. and Mrs. Lester Oufnac. If the trial court determines that Oufnacs are under a community property regime, the trial court shall remove Mr. Oufnac as undercurator and appoint a qualified person best able to fulfill the duties of the office. See LA. C.C.P. ART. 4565 A.

DECREE
The part of the judgment of January 14, 2011, appointing Althea Helm as curatrix of Henry Helm is affirmed. The part of the judgment appointing Donna Oufnac is reversed, and she is removed as undercuratrix. The case is remanded with instructions to the trial court for further proceedings. All costs are taxed to the interdict's estate. See LA. C.C.P. ART. 4550.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
JONES, J., concurs with reasons.
JONES, J., concurs with reasons.
I agree that the district court did not err in finding a basis for the interdiction of Mr. Helm. Further, a legitimate question does exist relating to the appointment of the undercuratrix and undercurator. Therefore, I respectfully agree with the majority in affirming in part, reversing in part and remanding this matter to the district court.
NOTES
[1] Mr. Helm privately engaged counsel to answer on his behalf the petition for interdiction. Upon pronouncement of the judgment of interdiction, the trial judge appointed that same counsel to continue the representation of Mr. Helm.
[2] Nomination is practically accomplished by naming in a writing, including an act of procuration, a person "to act as curator of the principal's person, property, or both, and to serve in that capacity should principal be interdicted, as provided in Article 4561 of the Louisiana Code of Civil Procedure ..." See Susan B. Kohn and Denise M. Pilie, The Louisiana Practice Series: 2 Louisiana Practice Civil Forms, (3d ed.), § 15.32.
[3] The trial court determined that neither Ms. Manteris nor Althea Helm was disqualified from appointment as curatrix. See La. C.C.P. ART. 4561 C.
[4] "Seldom, very seldom, does complete truth belong to any human disclosure; seldom can it happen that something is not a little disguised or a little mistaken." Jane Austen, Emma.