STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 04-1619

INTERDICTION OF CAROL CECILE CADE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. P-169-85
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED IN PART; REVERSED IN PART AND RENDERED.**

Charles Long Bull  Jr.
Attorney at Law
P. O. Box 400
Welsh, LA 70591
(337) 734-2811
Counsel for Appellee, Carol Cecile Cade

Lawrence Charles Billeaud
Attorney at Law
321 W. Main Street, Ste. 1-B
Lafayette, LA 70501
(337) 593-9000
Counsel for Appellant, Mary Cade Stockmeyer

Kevin D. Millican
P. O. Box 1111
Jennings, LA 70546
(337) 824-8300
Counsel for Appellee, Hannah Cade Cassidy

**PAINTER, J.**

Hannah "Didi" Cade Cassidy, sister of the interdict, filed a Motion to Remove Curatrix, Mary Cade Stockmeyer. Following a hearing on said motion, the trial court appointed Mrs. Cassidy as Curatrix and assessed all costs of the proceedings, including the attorney fees of the interdict, to Mrs. Stockmeyer. Mrs. Stockmeyer appeals asserting that the trial court erred in removing her as Curatrix and in assessing her with costs. We find no error on the part of the trial court with respect to his appointment of Mrs. Cassidy as Curatrix and we affirm the judgment in that respect. However, finding that the trial court abused its discretion in its assessment of the costs, we reverse that portion of the judgment casting Mrs. Stockmeyer with all costs and order that the costs be assessed equally between Mrs. Cassidy and Mrs. Stockmeyer.

## FACTUAL AND PROCEDURAL BACKGROUND

Carole Cecile Cade, the interdict, is now 75 years of age and has been a resident of the Jennings Guest Home since 1979. Ms. Cade's accumulated level of intellectual development has been estimated at three to four years of age. Mrs. Stockmeyer is her 73 year old sister and Mrs. Cassidy is their 71 year old sister.

Ms. Cade was interdicted by Judgment dated January 3, 1986. That Judgment did not name a Curatrix; however, Mrs. Stockmeyer filed various petitions for authority to sell the interdict's property which alleged that she was the Curatrix and that Mrs. Cassidy was the Undercuratrix. An Order was signed by Judge Wendell Miller on September 18, 1998 to correct the omission concerning the naming of the Curatrix and Undercuratrix in the original interdiction proceedings.

Presently, Ms. Cade has no financial estate other than a bank account with a minimal balance and her Social Security, which pays her nursing home expenses.

1

On May 9, 2003, Mrs. Cassidy filed a Motion to Remove Curatrix. This Motion alleged, among other things, that:

4.

Since 1985, the major role of the curatrix has been the handling of Carol Cecile Cade's estate; however, Carol Cecile Cade no longer owns any immovable property or bank accounts, nor does she own any property that needs managing . . . The only items of business of Carol Cecile Cade that needs [sic] managing is the assignment of medicare proceeds to the nursing home each year and obtain personal needs which mover handles on a daily basis.

. . . .

7.

Due to the fact that Mary Cade Stockmeyer is the curatrix, the nursing home is obligated to follow her infrequent directions and suggestions concerning the welfare of Carol Cecile Cade. Although the nursing home regularly ignores the suggestions of Mover, restricts Mover from taking Carol Cecile Cade to the doctor, has tried to limit the time of day that Mover has access to Carol Cecile Cade, Mary Cade Stockmeyer has not done or said anything to correct this situation, despite requests from Mover. Consequently, Mary Cade Stockmeyer has neglected to take proper care of Carol Cecile Cade.

Mrs. Stockmeyer filed an Exception of No Cause of Action or Failure to State a Cause of Action pertaining to the Motion to Remove Curatrix, which was denied on May 13, 2004. Mrs. Stockmeyer alleged that the reason for the motion was because of Mrs. Cassidy's "terrible history" with Jennings Guest Home and her outrage at being limited in her control of Ms. Cade's care and treatment. Mrs. Stockmeyer also pointed out that their mother wanted her to be Curatrix even though their mother knew that Mrs. Stockmeyer lived in New Orleans (where she has lived since 1950) and Mrs. Cassidy was the only relative living in Jennings.

Trial on the merits began on August 11, 2004. Numerous witnesses testified, including care givers from Jennings Guest Home, Mrs. Cade's treating physicians, and all of the Cade siblings. Thereafter, the trial court signed a judgment removing

2

Mrs. Stockmeyer as Curatrix and appointing Mrs. Cassidy as Curatrix and casting Mrs. Stockmeyer with all costs, including the $4,720 fee of the attorney appointed to represent Ms. Cade. Mrs. Stockmeyer refused to act as Undercuratrix and this appeal followed.

## DISCUSSION

The standard of review in this case is manifest error. *See In Re Redmond*, 351 So.2d 1256 (La.App. 1 Cir. 1977), *writ denied*, 353 So.2d 1341 (La.1978).

Louisiana Revised Statute 9:1025 provides as follows:

A. Any spouse or relative of an interdict, interested party, or nonprofit organization whose main function it is to serve as an advocate for persons with disabilities, the elderly, or both, may petition a court of competent jurisdiction for the removal of a curator upon a clear showing that neither the curator nor the undercurator are adequately performing their court-appointed duties.

B. A court of competent jurisdiction may remove a curator and appoint a successor, if such removal is deemed to be in the best interest of the interdict, either on its own motion or upon request by any spouse or relative of the interdict, or on the motion of any interested party or nonprofit organization whose main function it is to serve as advocate for persons with disabilities, the elderly, or both, upon contradictory hearing. The court shall consider the following factors in making its ruling:

> (1) Whether the curator has, with gross negligence, misapplied, embezzled, or removed from the state, or is about to misapply, embezzle, or remove from the state all or any part of the interdict's property committed to the curator's care.
>
> (2) The curator's failure to render any account required by law.
>
> (3) The curator's failure to obey any proper order of the court having jurisdiction with respect to performance of the curator's duties.
>
> (4) Proof of gross misconduct, or mismanagement in the performance of duties.

(5) Incompetence, incarceration, or any other cause rendering the curator incapable of performing court-appointed duties.

(6) Abuse of the interdict, or failure to educate the interdict or provide the interdict with as much independence as the means of the interdict and the conditions of his estate permit.

C. When the court removes a curator, it may appoint any spouse or relative of the interdict, any interested party, or any nonprofit organization whose main function it is to serve as curator for persons with disabilities, the elderly, or both.

This article is said to be a supplement to La.Code Civ.P. art. 4568 which provides:

On motion of any interested person, or on its own motion, the court may remove a curator or undercurator from office for good cause. Unless otherwise ordered by the court, removal of the curator or undercurator by the court is effective upon qualification of the appointed successor.

The listing found in La.R.S. 9:1025 is illustrative rather than exclusive such that Mrs. Stockmeyer's argument that she should not have been removed as Curatrix because none of the circumstances listed in that statute have met in this case is without merit. Furthermore, the jurisprudence establishes that the trial court has broad discretion to determine whether the removal of a curator is in the best interest of the interdict. *In re Redmond*, 351 So.2d 1256; *Interdiction of Hines*, 458 So.2d 555 (La.App. 3rd Cir.1984).

All of the witnesses testified that Mrs. Cassidy visits Ms. Cade on a daily basis or informs the nursing home of any travel plans that might prevent her from visiting. In fact, Deidra Clement, an LPN at Jennings Guest Home for the last year and a half, testified that Ms. Cade waits at the front door of the nursing home every night for Mrs. Cassidy to arrive. Before Ms. Cade goes to bed, Mrs. Cassidy makes sure her hands are clean, that her fingernails and toenails are clipped, and that she has clean underclothes. Mrs. Cassidy testified that she also reads to her sister, colors with her,

4

and straightens her room. It is also evident from the testimony of Mrs. Stockmeyer herself that Mrs. Cassidy has been the main person to choose Ms. Cade's physicians and see to her getting appointments because she lives in Jennings and has more knowledge of the physicians. Moreover, Dr. Charles Edward Ray, one of Ms. Cade's treating physicians, testified that it was his opinion that Ms. Cade would be better off if she had a Curatrix that saw her on a daily basis to make decisions for her and that it would be "foolish" not to allow someone who sees her on a daily basis to make decisions.

After hearing the testimony of all of the witnesses, the trial court concluded that it would be in the best interest of Ms. Cade to have a Curatrix who could attend to and be cognizant of her needs and condition on a daily basis. Thus, while we agree with the trial court that Mrs. Stockmeyer loves and cares for her sister, we have concluded that the evidence does support the conclusion that the day to day responsibility of tending to Ms. Cade's personal needs has been satisfied by Mrs. Cassidy. Mrs. Cassidy is the person most interested in Ms. Cade's welfare, has visited her sister almost daily, has taken her to doctor's appointments, lives approximately three minutes away from Jennings Guest Home, and has had far more personal contact with Ms. Cade than has any other interested party. Thus, it is in the best interest of Ms. Cade for Mrs. Cassidy to have the authority to effectuate the changes she deems necessary based on her daily observation of her sister's condition and circumstances.

With respect to the issue of costs and attorney fees, La.Code Civ. P. art. 4550 provides, in pertinent part, that "the court may render judgment for costs and attorney fees, or any part thereof, against any party, as the court may consider fair." The trial court assessed all costs to Mrs. Stockmeyer, including $4,720.00 for the fee of the

5

attorney appointed to represent Ms. Cade. Mrs. Stockmeyer alleges that this article is inapplicable because the interdiction itself is not at issue. This argument, however, ignores the fact this article was intended to apply to "all proceedings relating to interdiction, including those taking place after the entry of judgment" according to the 2000 revision comments. As this article does apply to this situation, the trial court has much discretion in assessing costs and attorney fees. This was a three-day trial wherein the best interests of the interdict were at issue and Ms. Cade has no estate. However, we also note that we are affirming the appointment of Mrs. Cassidy as Curatrix because it is in the best interest of the interdict, Ms. Cade, not because of any mismanagement or wrongdoing by Mrs. Stockmeyer. In light of those factors, we find that the trial court abused its discretion in assessing all costs to Mrs. Stockmeyer. Accordingly, we order that the costs below be divided equally between Mrs. Cassidy and Mrs. Stockmeyer.

## DECREE

Considering the law and evidence presented, we find no manifest error on the part of the trial court in removing Mary Cade Stockmeyer as Curatrix and naming Hannah Cade Cassidy as Curatrix. Accordingly, we hereby affirm the judgment of the trial court in that respect. With respect to the issue of the assessment of costs, we find that the trial court abused its discretion in assessing all costs to Mrs. Stockmeyer alone. We, therefore, order that the costs below be assessed equally to Mrs. Cassidy and Mrs. Stockmeyer. Costs of this appeal are also to be equally assessed to Plaintiff-Appellee, Hannah Cade Cassidy, and Defendant-Appellant, Mary Cade Stockmeyer, since there is no estate of the interdict, Carol Cecile Cade.

**AFFIRMED IN PART; REVERSED IN PART AND RENDERED.**

6